

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2006

# Levi v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5076

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Levi v. Holt" (2006). *2006 Decisions*. Paper 571.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/571

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5076

BERNARD S. LEVI,

Appellant

v.

RONNIE HOLT, Warden

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-01092)
District Judge:  Honorable Sylvia H. Rambo

Submitted Under Third Circuit L.A.R. 34.1(a)
July 27, 2006

Before:    RENDELL, AMBRO and ROTH  Circuit Judges

(Filed August 17, 2006)

OPINION

PER CURIAM

This appeal from the denial of a federal prisoner's habeas petition under 28 U.S.C.

§ 2241 asks us to interpret, inter alia, a Federal Bureau of Prisons (BOP) disciplinary

provision to determine whether the clothed touching of one's own penis in a public prison

setting constitutes "engaging in sexual acts." For the reasons that follow, we will affirm the order of the District Court.

I.

On December 21, 2004, Appellant Bernard Levi was charged with a high severity disciplinary infraction "engaging in sexual acts." 28 C.F.R. § 541.13, Table 3, Code 205. A prison official alleged that Levi positioned himself in the FCI-Schuylkill education library so that he could directly view one of the female teachers, who reported that Levi stroked his erect penis through his pants while looking at her. Another prison official corroborated the account. The matter was assigned to a Disciplinary Hearing Officer (DHO) for review. Levi argued that the charges were false and presented a witness in support of his defense. The DHO held that the greater weight of the evidence supported a finding that Levi had violated Code 205. The DHO ordered the forfeiture of twenty-seven days of good-time credit, thirty days in the special housing unit, and the loss of several privileges.

After exhausting his administrative remedies, Levi filed a habeas petition under 28 U.S.C. § 2241, claiming that his due process rights were violated because he was charged with the wrong offense, the evidence was insufficient to sustain the finding, the sanctions were imposed in retaliation for his filing prior lawsuits, and that the sanctions imposed were excessive in violation of the Eighth Amendment. He also filed a motion for a preliminary injunction and a temporary restraining order seeking access to an "adequate law library" and permission to receive the periodicals to which he subscribes. A

2

Magistrate Judge recommended denying the petition. Levi filed objections and a motion for discovery. The District Court rejected Levi's motions and denied the petition. Levi filed a motion for reconsideration, which the District Court also denied. He filed an appeal challenging all of the District Court's orders.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and because the issues in this case are purely legal, we exercise plenary review over the District Court's denial of a § 2241 petition. See Roussos v. Menifee, 122 F.3d 159, 161 n.3 (3d Cir. 1997); Barden v. Keohane, 921 F.2d 476, 479 (3d Cir. 1990).[1]

Federal inmates, such as Levi, possess a liberty interest in good-time credit. See Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974); Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991). While the Due Process Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline. See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002) (citing Sandin v. Conner, 515 U.S. 472, 486 (1995)). Levi's transfer to the Special Housing Unit and the loss of various privileges do not invoke the same due process protections. See Torres, 292 F.3d at 150-51. Additionally, these punishments cannot be challenged under

---

[1] Levi also appeals the denial of a motion for reconsideration. Where the denial of the motion was based upon the interpretation of legal rules, our review is plenary. Otherwise, we review the denial for abuse of discretion. See United States v. Smith, 445 F.3d 713, 716 (3d Cir. 2006). Levi's motion for reconsideration was based on the same arguments presented in his other filings. Thus, we address solely the merits of the underlying petition because our conclusion that the District Court correctly denied the petition adequately resolves the issues raised in the motion for reconsideration.

3

§ 2241 because in no manner do they affect the fact or length of his sentence or confinement.  See Leamer v. Fauver, 288 F.3d 532, 540-42 (3d Cir. 2002).  Levi's challenge under § 2241, therefore, must be grounded upon the revocation of his good-time credit only.[2]

In order to comport with the minimum requirements of procedural due process, the disciplinary findings must be supported by "some evidence" in the record. Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985).  After independently reviewing the record, we agree with the District Court, and conclude that the DHO's factual findings are supported by some evidence in the record.  Thus, relief is warranted only if Levi's conduct does not qualify as engaging in a sexual act.

A.      Meaning of the term "Sexual Acts"

Levi claims that the charged offense, "engaging in sexual acts," does not include the conduct with which he was charged.  In other words, he argues that public clothed masturbation while looking at a prison official is not engaging in a sexual act.  The BOP has not officially defined the term "engaging is sexual acts."  Levi argues that the term is ambiguous and that the DHO's definition is too broad.

The BOP's interpretation of its own regulation is "controlling . . . unless it is plainly erroneous or inconsistent with the regulation."  See Chong v. Dist. Dir., I.N.S.,

---

[2] For similar reasons, we do not address the denial of Levi's motions for a temporary restraining order and a temporary injunction.  Neither of these requests relates to the challenge underlying his § 2241 petition and neither alleged BOP violation affects the fact or length of his sentence.

264 F.3d 378, 389 (3d Cir. 2001) (citations and quotations omitted). On administrative appeal, the BOP Regional Director explained that "[t]he prohibited act is committed when an inmate takes part in intimate physical contact with himself or another." This definition is not clearly erroneous, and Levi's action plainly falls within it.

The word "sexual" means "of or involving sex, the two sexes, or the sexual organs." Webster's Desk Dictionary 829 (1990). This definition is extremely broad. The Director's definition of "sexual acts" encompasses conduct which reasonably falls within the broad definition of the term "sexual". Levi argues that the term "sexual act" should not be read as broadly in this context as its dictionary definition suggests. Instead, he believes the definition should be based on 18 U.S.C. § 2246(2), which defines "sexual act" as:

> (A)   contact between the penis and the vulva or the penis and the anus, and for the purposes of this subparagraph contact involving the penis occurs upon penetration, however[] slight;
> (B)   contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
> (C)   the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
> (D)   the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person . . . .

§ 2246(2).

Just because Code 205 and § 2246 use the same terms does not lead to the conclusion that the meanings are or were meant to be identical. Levi presents no reason

5

for us to presume that the BOP intended to adopt the criminal definition of "sexual act."
Nothing in the disciplinary code even implies that the two sections are related. The fact that Congress believed it necessary to define the precise contours of what it meant by "sexual act" actually counters Levi's position that the BOP's definition is clearly erroneous. By defining the term, Congress implied that without a definition, it would be unclear that crimes including the term applied only to certain forms of sexual conduct. In other words, Congress was well aware that "sexual acts" could include conduct outside the acts specified in the statute. The BOP's reading of Code 205 reflects this broader understanding.

Levi also argues that the disciplinary code makes indecent exposure an offense, thus requiring something more to establish a sexual act. Otherwise, he continues, the offense of indecent exposure would be superfluous. Even if this were true, it does not make the BOP's definition erroneous. Traditionally, the act of indecent exposure required a lewd public display of exposed genitalia. See Black's Law Dictionary 909 (4th ed. 1951). The agency's reading of "sexual acts" sufficiently distinguishes it from the offense of indecent exposure. The DHO's definition includes the term "intimate contact," which implies greater intensity, such as prolonged touching or touching with emotional feeling, than does the exposure of one's genitals alone. Upon review of the standard definitions of the terms at issue and the context in which they are presented, the BOP's reading of the offense is not clearly erroneous and Levi's conduct falls within Code 205.

B. Other Claims

6

Levi raises a number of other claims and arguments. First, he claims that the evidence against him was falsified in retaliation for his filing previous lawsuits. The District Court found that Levi presented no evidence which would support this conclusion. He still fails to do so on appeal. Levi does not identify whether any previous lawsuits targeted the officials who allegedly provided false evidence. He even fails to identify any specific suits which would have precipitated retaliation.

Next, he claims that the sanction was excessive in violation of the Eighth Amendment. The Eighth Amendment is violated only when a punishment is grossly disproportionate to the severity of the offense. See Rummel v. Estelle, 445 U.S. 263, 271-74 (1980). The sanctions imposed here conform to the sanctions permitted for high severity offenses, such as Code 205. 28 C.F.R. § 541.13, Table 3. The loss of less than one month of good-time and a few privileges is not disproportionate to Levi's obviously upsetting and inappropriate conduct.

Levi also claims that the DHO could not order the forfeiture of good-time because it had already vested under 18 U.S.C. § 3624. Section 3624 provides that good-time credit awarded after the enactment of the Prison Litigation Reform Act (PLRA) shall vest on the date the prisoner is released. § 3624(b)(2). The PLRA was enacted in April 1996. PLRA, 110 Stat. 1321, as amended, 42 U.S.C. § 1997e(a). Obviously, the credit removed in December 2004 was awarded after 1996, and had not vested. Levi's argument fails.

Finally, with respect to the denial of Levi's discovery motion, we review the denial of a motion for discovery for abuse of discretion. See Massachusetts Sch. of Law at

7

Andover, Inc. v. A.B.A., 107 F.3d 1026, 1033 (3d Cir. 1997).  Rule 6(a) of the Rules Governing Section 2254 Cases, see Rule 1(b) (applying these rules to 2241 cases), provides that discovery will not be granted except for good cause.  Levi desired DHO Bittenbender's records so that he could show that the DHO was favoring the BOP.  Levi argues that Bittenbender rules against prisoners almost one hundred percent of the time, thereby demonstrating bias.  Although a prisoner has a right to an impartial hearing, other than in instances where the adjudicator has a pecuniary interest or evident personal animus, the evidence necessary to sustain a bias claim is extraordinarily high.  See Robinson v. New Jersey, 806 F.2d 442, 450 (3d Cir. 1986).  Simply showing that Bittenbender almost always finds that a violation occurred does not amount to a showing of bias.  If many of those disciplinary rulings had been overturned, or other violations in the proceedings were apparent, which Levi does not allege, the situation might be different.  An allegation of high rates of sanction does not show bias and, therefore, the District Court did not abuse its discretion in denying the motion for discovery.

For the foregoing reasons, Levi fails to establish that the District Court erred in denying his petition.  Accordingly, we will affirm.