

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-7-2006

# Levi v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1936

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Levi v. Holt" (2006). *2006 Decisions.* Paper 470.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/470

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1936
_____

BERNARD S. LEVI,
Appellant
v.

RONALD HOLT, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-01533)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 13, 2006

Before:  RENDELL, AMBRO and ROTH, Circuit Judges.

(Filed September 7, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Appellant Bernard Levi appeals from the denial of his habeas corpus petition

under 28 U.S.C. § 2241.  Because no substantial question is presented, we will affirm the

order of the District Court. See L.A.R. 27.4.[1]

I.

On March 7, 2005, Levi was charged with the high severity disciplinary infraction of "engaging in sexual acts." 28 C.F.R. § 541.13, Table 3, Code 205. It was alleged that Levi positioned himself in the FCI-Schuylkill education library so that he could directly view one of the female teachers, Mrs. Feger. Feger reported that Levi stared at her while he stroked his erect penis, which was protruding from his sweat pants. The act reportedly was almost identical to an incident in December 2004, for which Levi was disciplined, except that in that case he did not expose his genitalia. The matter was assigned to a Disciplinary Hearing Officer (DHO) for review. Levi argued that the charges were false and retaliatory. He also asked to present three witnesses, but only one could be located. Waiving his right to present the two missing witnesses, Levi presented one witness who stated that he did not see what was going on. The DHO held that the greater weight of the evidence supported a finding that Levi had violated code 205. The DHO ordered the forfeiture of twenty-seven days of good-time credit, forty-five days in the special housing unit, and a year loss of several privileges.

After exhausting his administrative remedies, Levi filed a habeas petition under 28 U.S.C. § 2241, claiming that his due process rights were violated because he was not

---

[1] This appeal was originally listed for possible dismissal under 28 U.S.C. § 1915(e). Given the extent of the proceedings in the District Court, we find that summary affirmance is a more appropriate method of disposing of this appeal.

permitted to call all of his witnesses, he was charged with the wrong offense, the sanctions were in retaliation for his filing prior lawsuits, and the sanctions were excessive in violation of the Eighth Amendment. He also filed a motion for a preliminary injunction and a temporary restraining order seeking to bar Lt. Broe and other prison staff from taking retaliatory acts against him. A Magistrate Judge recommended denying the petition. Levi filed objections. The District Court rejected Levi's motions and denied the petition as well as a second motion for a preliminary injunction. Levi filed an appeal challenging all of the District Court's orders.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and because the issues in this case are purely legal, we exercise plenary review over the District Court's denial of a § 2241 petition. See Roussos v. Menifee, 122 F.3d 159, 161 n.3 (3d Cir. 1997); Barden v. Keohane, 921 F.2d 476, 479 (3d Cir. 1990). The memorandum accompanying Levi's notice of appeal does not appear to directly challenge any of the District Court's holdings. Rather, Levi seeks relief for what he believes to be unbearable conditions in the Special Housing Unit and retaliatory actions by prison staff. These issues are not cognizable for two reasons. First, they were not raised below, see In re Mintze, 434 F.3d 222, 232 (3d Cir. 2006), and second, the claims do not challenge the fact or duration of his

3

confinement.  See Leamer v. Fauver, 288 F.3d 532, 540-42 (3d Cir. 2002).[2]  Assuming he also desires to challenge the District Court's denial of his § 2241 petition, we address that below.

Federal inmates, such as Levi, possess a liberty interest in good-time credit.  See Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974); Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991).  While the Due Process Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline.  See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002) (citing Sandin v. Conner, 515 U.S. 472, 486 (1995)).  Levi's transfer to the Special Housing Unit and the loss of various privileges do not invoke the same due process protections.  See Torres, 292 F.3d at 150-51.  Additionally, these punishments cannot be challenged under § 2241 because in no manner do they affect the fact or length of his sentence or confinement.  See Leamer, 288 F.3d at 540-42.  Levi's challenge under § 2241, therefore, must be grounded upon the revocation of his good-time credit only.

In order to comport with the minimum requirements of procedural due process, the disciplinary findings must be supported by "some evidence" in the record.  Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985).  After

---

[2]  For similar reasons, we do not address the denial of Levi's various motions for injunctive relief.  None of his motions affects the fact or duration of his conviction or sentence.  The claims are more appropriately brought pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

4

independently reviewing the record, we agree with the District Court that Levi fails to present any evidence countering Mrs. Feger's accusation or establishing that Mrs. Feger was falsifying her claims. We conclude that the DHO's factual findings are supported by some evidence in the record, and address his remaining arguments in turn.

A.   Meaning of the term "Sexual Acts" and Excessiveness

This appeal comes to us alongside of Levi's nearly identical § 2241 petition challenging a disciplinary sanction for a similar offense committed on December 21, 2001. See Levi v. Holt, C.A. No. 05-5076 (3d Cir. 2006). We affirmed the District Court's denial of the petition concluding that the DHO's findings were supported by some evidence in the record, and that the DHO's determination that Levi's conduct constituted "sexual acts" was not clearly erroneous. We also found that the loss of less than a month of good-time was not excessive under the Eighth Amendment. We adhere to that reasoning here.

B.   Denial of Witnesses

Levi also claims that he was denied his due process right to call witnesses. A prisoner has the limited right to call witnesses who have relevant information and would not present a threat to penological interests. See Wolff, 418 U.S. at 566-67; 28 C.F.R. § 5471.17(c). Levi called one witness and he waived his right to call the remaining two. He argues that he originally requested five witnesses, but was allowed only one. However, he does not present the names of the alleged fourth and fifth witnesses. Nor

does he allege that the two waived witnesses were actually available. Finally, he does not present any legal basis, nor do we find any, to conclude that his right to due process was violated.

For the foregoing reasons, Levi fails to establish that the District Court erred in denying his petition. Accordingly, we will affirm.