

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2006

# USA v. Smith

Precedential or Non-Precedential: Precedential

Docket No. 05-2697

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Smith" (2006). *2006 Decisions.* Paper 1178.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1178

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 05-2697

————

UNITED STATES OF AMERICA

v.

SAMUEL DAVID SMITH, III,

*Appellant*

————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 99-cr-00147)
District Judge: Honorable Donetta W. Ambrose

————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 31, 2006

————

Before:  McKEE, BARRY, and VAN ANTWERPEN, *Circuit Judges*.

(Filed April 19, 2006 )

————

OPINION OF THE COURT

————

Lisa B. Freeland, Federal Public Defender
Karen S. Gerlach, Assistant Federal Public Defender
Renee Pietropaolo, Assistant Federal Public Defender
Office of the Public Defender
1450 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA  15222
        *Counsel for Appellant*

Mary Beth Buchanan, United States Attorney
Laura S. Irwin, United States Attorney
Michael Leo Ivory, Assistant United States Attorney
Office of the United States Attorney
700 Grant Street, Suite 400
Pittsburgh, PA  15219
        *Counsel for Appellee*

VAN ANTWERPEN, *Circuit Judge*.

Appellant Samuel David Smith, III, appeals from an order modifying the conditions of his term of supervised release and denying his motion to reconsider his petition to allow gainful employment during his supervised release.  At issue is an occupational restriction imposed on Smith after sentencing which barred him from employment with an attorney or law firm for the three-year duration of his supervised release.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and will affirm.

I.

Appellant Smith pleaded guilty in September, 1999 to wire fraud in violation of 18 U.S.C. § 1343.  The circumstances giving rise to the wire fraud conviction may be briefly summarized as follows.  In 1994, Smith started a business named Litigation Support Services, holding himself out as a legal consultant with purported connections to the Motorola Corporation.  In this capacity, he orchestrated a scheme in 1994 wherein he obtained some $589,750 from four individuals by misrepresenting his ability to broker for them a deal with Motorola.  The fraudulent deal involved the purported purchase and sale of approximately 8,000 pagers and 500 cellular phones.  Smith perpetrated the scheme by, among other things, making fraudulent representations to induce the victims to wire money, drafting a fake purchase order, and forging a letter on Motorola letterhead purporting to be from Motorola officials.  After pleading guilty, Smith was sentenced to 41 months incarceration and three years of supervised release.  At the time Smith was sentenced, he had no offer to work for an attorney or law firm, and the District Court did not impose an occupational restriction on his term of supervised release.

2

In May, 2004, in preparation for Smith's release from federal incarceration, he was transferred from a federal correctional institution to a community corrections center. At the time of this release from the federal correctional institution and transfer to the community corrections center, local attorneys who knew Smith offered to hire him during his period of supervised release. This offer was considered, but ultimately rejected, by Smith's program review team, which consisted of a Bureau of Prisons representative, two probation officers, and staff of the community corrections center.

In July, 2004, Smith, through the attorneys who had offered to hire him in May, petitioned the District Court to allow the employment. The District Court denied the petition. Smith began serving his term of supervised release in September, 2004, and subsequently filed a motion for reconsideration of the denied petition.

At about the same time, the government petitioned the District Court to modify Smith's term of supervised release to impose an occupational restriction barring Smith from seeking or obtaining any type of employment with a law firm or any other entity where Smith would have access to personal information of legal or business clients.

After a consolidated hearing on February 17, 2005, the District Court denied Smith's motion to reconsider and granted the government's petition to modify Smith's term of supervised release. However, the District Court limited the scope of the government's proposed restriction, banning Smith only from employment related to attorneys and/or law firms.

At the February hearing, the government established, and Smith did not dispute, previous convictions in the years 1991 through 1993 for the following crimes: (a) tampering with records, wherein Smith had prepared a fraudulent court order and a fraudulent letter, with a forged attorney's signature on the attorney's letterhead, and forwarded it to the Pennsylvania Board of Probation and Parole as well as the Allegheny County Court of Common Pleas; (b) altering, forging, or counterfeiting documents, wherein Smith had engaged in the unauthorized

3

practice of law by holding himself out to others as an attorney and collecting legal fees (including a $1,000 retainer and $17,500 in legal and investigative fees); (c) intimidation of a witness/victim and obstructing the administration of law, wherein Smith had threatened the victim of an individual to whom Smith had represented himself to be an attorney; (d) tampering with records or identification, wherein Smith falsified a court order with the intent to deceive the Pennsylvania Board of Probation and Parole; and (e) theft by deception, wherein Smith withheld $25,700 from another by creating the false impression that he was an attorney. At least one of these convictions involved identity theft when Smith used a driver's license renewal application to obtain a driver's license in the name of an attorney working in the law office where Smith was also employed.[1]

## II.

As a threshold matter, we pause to confirm our standard of review. To the extent we are reviewing the District Court's denial of Smith's motion to reconsider, our review is plenary where the denial was based on "the interpretation and application of a legal precept." *Koshatka v. Phila. Newspapers, Inc.*, 762 F.2d 329, 333 (3d Cir. 1985). Otherwise, we review such denials for abuse of discretion. *Id.* Absent the overlay of Smith's challenge to his denied motion to reconsider, we review challenges to the imposition of a special condition of supervised release, as well as a district court's decision to modify the terms of release, for abuse of discretion. *See United States v. Loy*, 237 F.3d 251, 256 (3d Cir. 2001); *see also United States v. Ristine*, 335 F.3d 692, 694 (8th Cir. 2003); *United States v. Bartsma*, 198 F.3d 1191, 1200 (10th Cir. 1999) ("District courts enjoy broad discretion in fashioning conditions of supervised release.").

---

[1] The record also shows Smith was previously convicted of voluntary manslaughter, for choking a person to death, and of armed robbery, for using a gun to rob a grocery store. Smith was paroled from the armed robbery conviction in approximately 1991 and thus committed each of the above fraud offenses while he was on parole.

Finally, we observe that "[i]n *United States v. Booker*[, 543 U.S. 220 (2005)], the Supreme Court directed appellate courts to review sentences for reasonableness, stating this review applied 'across the board.'" *United States v. Cooper*, 437 F.3d 324, 326 (3d Cir. 2006). This "review is [to be] guided by the factors set forth in 18 U.S.C. § 3553(a)." *Id.* at 327. The factors of § 3553(a), of course, are to be considered in imposing conditions of supervised release. 18 U.S.C. § 3583(d); *see also Loy*, 237 F.3d at 256.

As we recently stated in *Cooper*, "[t]o determine if the court acted reasonably in imposing the resulting sentence, we must first be satisfied the court exercised its discretion by considering the relevant factors." *Cooper*, 437 F.3d at 329 (summarizing the factors set forth at 18 U.S.C. § 3553(a)). While "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors," *id.,* "[t]he court need not discuss every argument made by a litigant if an argument is clearly without merit." *Id.* "Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Id.* Finally, as we stated in *Cooper*, "[i]n addition to ensuring a trial court considered the § 3553(a) factors, we must also ascertain whether those factors were reasonably applied to the circumstances of the case. In so doing, we apply a deferential standard, the trial court being in the best position to determine the appropriate sentence in light of the particular circumstances of the case." *Id.* at 330.

With these precepts in mind, we turn to the arguments Smith advances on appeal.

### III.

Citing 18 U.S.C. § 3583(e), Smith first argues the District Court lacked the authority to modify the conditions of his release absent changed circumstances. Smith argues his circumstances did not change after his sentencing on September 9, 1999, but that proposition is contradicted by the record.

Smith's petition to allow gainful employment, filed in

5

July, 2004 by the attorney who proposed to hire him, shows the employment offer was not made prior to, or at, sentencing. Rather, according to Smith's own petition, the attorney did not make the offer until May, 2004, "at the time of [Smith's] release from imprisonment" from the federal corrections institution and transfer to the community corrections facility.

Because nothing in the record is to the contrary of the statement set forth in Smith's own petition, the May, 2004 offer of employment by the attorney presented a new, unforseen circumstance allowing modification pursuant to § 3583(e). *See, e.g., United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) ("Section 3583(e) provides the district court with the retained authority to . . . modify terms and conditions . . . in order to account for new or unforeseen circumstances . . . . that require a longer term or harsher conditions of supervised release in order to further the general punishment goals of Section 3553(a)."); *see also United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000) (noting that § 3583(e) "'recogniz[es] that the sentencing court must be able to respond to changes in the [defendant's] circumstances'") (quoting *United States v. Truss,* 4 F.3d 437, 439 (6th Cir. 1993)).  Smith's first contention is therefore without merit.

Smith next argues the District Court's imposition of the occupational restriction was improper because it did not bear a reasonably direct relationship to the offense of conviction and because it exceeded the minimum scope and duration necessary to protect the public.  We disagree.

District courts are authorized by statute to impose occupational restrictions as a condition of supervised release, provided the restrictions "involve[] no greater deprivation of liberty than is reasonably necessary" to promote criminal deterrence, protection of the public, and effective correctional treatment.  18 U.S.C. § 3583(d)(2).  Such restrictions may include barring a convicted individual "from engaging in a specified condition, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense."  18 U.S.C. § 3563(b)(5).  To impose such prohibitions or restrictions, a district court must make two threshold

determinations. *See* U.S.S.G. § 5F1.5(a) (implementing occupational restrictions authorized by 18 U.S.C. § 3583(d)). First, a district court must determine that "a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction." *Id.* If this requirement is satisfied, a district court must then determine whether "imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in conduct similar to that for which the defendant was convicted." *Id.* If a district court makes both determinations and imposes an occupational prohibition or restriction, it must be for "the minimum time and to the minimum extent necessary to protect the public." *Id.* § 5F1.5(b). Thus, as we stated in *Loy*, 237 F.3d at 256:

> A condition is within the court's discretion if two criteria are met. First, the condition must be reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1) & (2)(B)-(D). Accordingly, in imposing conditions of supervised release, the sentencing court may consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the condition to deter future criminal conduct, protect the public, and provide the defendant with necessary training, medical care, or other correctional treatment . . . . Second, a condition must involve no greater deprivation of liberty than is reasonably necessary to achieve the deterrence, public protection and/or correctional treatment for which it is imposed.

Id. (citations omitted); *see also United States v. Evans*, 155 F.3d 245, 248-49 (3d Cir. 1998) (same).[2]

---

[2] The specific factors to be considered pursuant to 18 U.S.C. § 3553(a)(1) & (2)(B)-(D) are:
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed --
> . . .

Here, we have reviewed the modified condition of supervision as well as the record on appeal. We conclude that the occupational restriction in this case is reasonably related to the above statutory goals, is consistent with commission policy, and is narrowly tailored such that the liberty deprivations are no greater than is reasonably necessary to achieve the deterrence, public protection, and/or correctional treatment for which it is imposed. *See* 18 U.S.C. § 3583(b); *see also Loy*, 237 F.3d at 256.

First, the sentencing record shows the District Court reviewed the guidelines, addressed the required factors, and found there existed "a litany of criminal offenses and the kind of offense that is involved in this case." The District Court further found that the current offense and the past offenses were "serious" and that "the victims of the[] offenses are devastated by their losses." The District Court then reiterated that it had considered "all the facts and all the circumstances" before sentencing Smith to 41 months incarceration, 3 years supervised release, and restitution.[3]

---

> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(1) & 2(B)-(D). Before a court can modify the conditions of a release, it must hold a hearing pursuant to Fed.R.Crim.P. 32.1(c). That hearing occurred here on February 17, 2005.

[3] Neither Smith nor his attorney availed themselves of the opportunity provided by the District Court to make a statement on Smith's behalf during sentencing. As discussed above, Smith's offer for employment during supervised release would not occur for several years. As such, there was no occupational restriction

Second, in its May 9, 2005, memorandum order imposing the occupational restriction, the District Court stated:

> As to [§ 5F1.5](a)(1), there is no doubt that there is a reasonably direct relationship between Defendant's employment as a paralegal in a law office and his conduct in the offense for which he is serving a period of supervised release. Therefore, the question for me to decide is whether there is reason to believe Defendant will continue to engage in similar unlawful conduct, making it necessary to impose restrictions to protect the public. The litany of offenses similar to the current offense committed by Defendant and set forth above lead me to reasonably conclude that job restrictions are reasonably necessary to protect the public from the Defendant. While I have every confidence in the good intentions and integrity of [the attorneys offering to hire Smith], I am also aware that they are very busy practitioners and that no busy attorney can supervise another every minute of the day. While Defendant has paid the price for his past conduct, his history does not demonstrate much confidence. I conclude that a job restriction is appropriate and reasonably necessary to protect the public . . . . The term of supervised release . . . is modified to impose an occupational restriction forbidding Defendant from seeking or obtaining any type of employment with an attorney or law firm.

May 9, 2005, Mem. Order at 4-5. "Taken as a whole, the record shows the court adequately considered the § 3553(a) factors and reasonably applied them to the circumstances presented in [Smith's] particular case." *Cooper*, 437 F.3d at 332.

---

argument from Smith or his counsel that the District Court was obligated to address at the time of sentencing. *See Cooper*, 437 F.3d at 332.

Moreover, we conclude the District Court did not abuse its discretion in fashioning the duration and scope of the restriction imposed here. First, while the government sought a restriction forbidding any type of employment with a law firm or any other entity where Smith would have access to the personal information of legal or business clients, the District Court narrowed Smith's restriction to cover only the legal profession, as discussed above. Second, Smith has failed to demonstrate that the restriction's scope or duration is based on "a clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of law to fact." *Roxbury Condo. v. Anthony S. Cupo Agency,* 316 F.3d 224, 226 (3d Cir. 2003). To the contrary, as the District Court observed, the conduct relevant to Smith's wire fraud conviction—his employment in a law-related business, his ability to hold himself out as a legal consultant, his decision to draft a fraudulent purchase order, his decision to forge a letter, and his decision to trade on his position in order defraud members of the lay public—is plainly related to the employment sought here, whether it be in the capacity of a paralegal, secretary, or runner. All would afford Smith the opportunity to fraudulently trade on his association with attorneys to the detriment of others. In addition, "the history and characteristics" of the defendant, summarized above, amply confirms the need for the restriction imposed by the District Court here. *Loy*, 237 F.3d at 256 (citations omitted).

Finally, in its May 9, 2005, memorandum order, the District Court appropriately addressed Smith's argument that the restriction here "involve[s] [] greater deprivation of liberty than is reasonably necessary to achieve the deterrence, public protection and/or correctional treatment for which it is imposed." *Id.* As discussed, the restriction was narrowly tailored to cover only positions within the legal profession, and we conclude Smith has failed to carry his burden of proving the scope and duration of the occupation restriction was unreasonable in this respect. *See Cooper*, 437 F.3d at 332 ("appellants have the burden of demonstrating unreasonableness").

## IV.

We have considered all other arguments made by the

10

parties on appeal, and conclude that no further discussion is necessary. For the foregoing reasons, we affirm the District Court's May 9, 2005, Order denying appellant Smith's Motion for Reconsideration and granting the government's Petition for Modification of Conditions.