

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-4-2008

# Cananwill Inc v. Fuji Express Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2428

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Cananwill Inc v. Fuji Express Inc" (2008). *2008 Decisions*. Paper 271.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/271

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-2428

———

CANANWILL, INC.

v.

FUJI EXPRESS, INC.; FUJI LINES, INC.;
MEINA TOURS, INC.; GALAXY TOURS, INC.;
ADEL SADALLA; NASSER SADALLA

v.

ANTHONY M. COSTELLO INSURANCE AGENCY;
NATIONAL CONTINENTAL INSURANCE COMPANY,

Third-Party Defendants

Fuji Express, Inc.; Fuji Lines, Inc.;
Meina Tours, Inc.; Galaxy Tours, Inc.,
Appellants

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 04-cv-06131)
District Judge: Hon. Harold A. Ackerman

———

Submitted Under Third Circuit LAR 34.1(a)
October 30, 2008

Before: SLOVITER, STAPLETON and TASHIMA[*], Circuit Judges

---

[*] Honorable A. Wallace Tashima, Senior Judge of the
United States Court of Appeals for the Ninth Circuit, sitting by

OPINION

SLOVITER, Circuit Judge.

Appellant Fuji Express, Inc. (Fuji) appeals the District Court's dismissal, and subsequent refusal to reconsider, its claim against Appellee Costello Insurance Agency, Inc. (Costello) for failing to include an affidavit of merit from a licensed insurance producer as required by New Jersey law. Fuji also appeals the District Court's decision to grant third party defendant/appellee Cananwill, Inc.'s Motion for Summary Judgment.

**I.**

Fuji operated a commuter transport business in northern New Jersey. Nasser Saadallah, Fuji's representative, contacted Costello in early 2004 for assistance in obtaining the necessary insurance for its vans and buses. Costello is a licensed insurance producer under New Jersey law. Costello filled out paperwork for Fuji to obtain a liability policy from third party defendant/appellee National Continental Insurance Company ("National") costing $ 578,500 and an umbrella policy costing approximately $ 200,000 from a different company.

Costello also advised Fuji that to finance these policies it should enter into a

_____

designation.

2

premium finance agreement ("PFA") with Cananwill, a licensed premium finance company. Fuji did so, paying $ 220,000 as a deposit and financing the remaining $ 584,404. Fuji admits that this agreement provided that if Fuji defaulted on its insurance, Cananwill would receive the unearned premiums from National. Two months later, National increased the policy's premium to $2.2 million. In response, Fuji canceled the policy with National and sought alternative insurance. As contemplated by the PFA, National returned to Cananwill the unearned premiums, which totaled approximately $ 200,000. Cananwill then sued Fuji for the balance of the payments Fuji owed under the PFA.

Fuji sought indemnification from Costello and National. Fuji claimed that Costello (1) wrongfully advised Fuji to obtain financing from Cananwill and breached its fiduciary duty; (2) failed to explain "all facts and terms and conditions and benefits and burdens of entering into [an agreement with] a premium finance company, nor [sic] aspects of the policy terms and conditions;" (3) "acted in its self-interest . . . and failed to advise [Fuji] that it would be earning" money from the financing agreement; and (4) breached its "fiduciary and contractual duties . . . with respect to other aspects of the insurance provided by National. . . ." App. at 51-52. Fuji's separate claims against National are not relevant to this appeal.

Costello moved to dismiss Fuji's third party complaint, claiming Fuji had failed to comply with the New Jersey Affidavit of Merit Statute, N.J. Stat. Ann. § 2A:53A-27 (West 2008). The statute requires that a party alleging malpractice or negligence by a

3

licensed professional give each defendant an affidavit from another person licensed in that profession stating that the conduct in question fell outside the standards for that profession. N.J. Stat. Ann. § 2A:53A-27. It is undisputed that Fuji never provided an affidavit. The District Court held that an affidavit of merit was required, granted the motion to dismiss, and denied Fuji's motion to reconsider.

The District Court also granted Cananwill's motion for summary judgment. Fuji seeks to overturn both of these decisions.

## II.

It is undisputed that Fuji did not file an affidavit of merit. Fuji instead argues that such an affidavit was not required and that the District Court improperly refused to reconsider its decision granting Costello's motion to dismiss for that reason. We generally review a district court's denial of a motion to reconsider for an abuse of discretion. United States v. Smith, 445 F.3d 713, 716 (3d Cir. 2006). If, however, the denial turns on "the interpretation and application of a legal precept," our review is de novo. Id. As we agree with the decision of the District Court, our decision in this case does not depend on the standard of review applied.

We reject Fuji's argument that because specialized knowledge was not necessary no affidavit was required. The New Jersey Supreme Court has held that if a claim requires proof that a professional deviated from his/her industry's standard of care, the affidavit of merit is required. Couri v. Gardner, 801 A.2d 1134, 1141 (N.J. 2002). Fuji's claims against Costello are dependent on the standard of care in the industry, a standard

4

not easily discernable by a lay person.  Expert testimony is required to determine whether such behavior fell below the industry standard of care, exactly the type of situation in which the statute and New Jersey case law require an affidavit of merit.

Fuji also appeals the District Court's grant of summary judgment to Cananwill that ordered Fuji to pay the remaining balance on the PFA.  "We review a district court's grant of summary judgment de novo."  United States v. Geiser, 527 F.3d 288, 291 (3d Cir. 2008) (quotations omitted).

Fuji argues that it never granted Costello the authority to enter into the PFA, and that it should therefore not be bound by the terms of the agreement.  Both Fuji and the District Court cite the Restatement (Second) of Agency for the definition of ratification.  Section 82 defines ratification as "the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him."  Restatement (Second) of Agency § 82 (1958).  The principal must either ratify the entire transaction or repudiate it entirely, but cannot pick and choose only that which is advantageous to him.  Restatement (Second) of Agency § 96 (1958).

The District Court determined that it need not address whether Costello had actual or apparent authority because Fuji subsequently ratified the premium finance agreement.  We agree.  Fuji understood that it was borrowing $584,404.08 from Cananwill, and paid the sum of $220,000 as a cash down payment, as required in the PFA.  It further made the first monthly payment of $66,842.37 in May of 2004.  The District Court did not err in

concluding on the uncontroverted facts that this constituted a ratification of the PFA by Fuji.

## III.

We will therefore affirm the decisions of the District Court.