**UNITED STATES of America**

v.

**Rickey DANZEY, a/k/a Samadd, Appellant.**

**No. 09–3602.**

United States Court of Appeals, Third Circuit.

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Dec. 10, 2009.

Filed: Dec. 17, 2009.

George S. Leone, Esq., Marion Percell, Esq., Office of United States Attorney, Newark, NJ, for United States of America.

Rickey Danzey, Newark, NJ, pro se.

Before: SLOVITER, AMBRO and SMITH, Circuit Judges.

## OPINION

PER CURIAM.

Rickey Danzey appeals *pro se* from the District Court's denial of his motion for early termination of his supervised release, and its denial of his motion to amend. Because we conclude that this appeal presents no substantial question, we will summarily affirm. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

### I.

In April 1991, Rickey Danzey pled guilty to one count of participation in a conspiracy to distribute and possess with intent to distribute over 100 grams of heroin. At the sentencing hearing in March 1992, Danzey also entered a guilty plea to one count of unlawful possession with the intent to distribute more than 500 grams of cocaine in the Southern District of New York. The District Court sentenced him, as a career offender, to 240 months on each charge, plus five years of supervised release. Danzey filed a motion in February 2007 to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The District Court denied the motion in March 2008, finding that the Sentencing Commission had not lowered the guidelines relevant to his sentence, and that the court thus did not have the authority under § 3582(c)(2) to modify his sentence.

Meanwhile, Danzey was released upon completing his term of incarceration on December 31, 2007. In July 2009, he filed this motion for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1). He included a letter from his employer, the North Jersey Community Research Initiative, d/b/a North Jersey AIDS Alliance, which attests to his employment since January 2009. The District Court denied the motion in July 2009. Danzey then filed a "Motion to Supplement Motion to Modify Term of Supervised Release," which the District Court also denied. Danzey timely appealed.

### II.

We review a District Court's decision under § 3583(e) not to grant early termination of a term of supervised release for abuse of discretion. *See United States v. Smith,* 445 F.3d 713, 716 (3d Cir.2006).

### III.

Danzey argues that the District Court erred in denying his motion for early termination of his five-year period of supervised release. Section 3583(e)(1) provides that, after the defendant has completed one year of supervised release, the district court may terminate the term of supervised release if "such action is warranted by the conduct of the defendant released and the interest of justice." The decision whether to modify a term of supervised release is a discretionary one for the sentencing court. *See Burkey v. Marberry,*

556 F.3d 142, 149 (3d Cir.2009). Danzey asserts that his rehabilitation efforts while incarcerated, and his current employment with a drug abuse and HIV prevention organization, qualify him for early termination of supervised release under § 3583(e)(1). However, as the Government points out, Danzey was sentenced as a career criminal. He was arrested numerous times as a juvenile, and he served two terms of probation and a commitment to the state reformatory. His adult criminal history is even more significant, including numerous arrests for crimes such as narcotics offenses, armed robbery, and armed bank robbery, as well as two separate federal sentences, and several failures to successfully complete probation and parole terms. The 18–month period following his release in 2007 is the first time since Danzey turned 15–years–old that he, now 54, has made it through a year without being incarcerated or arrested. The Government acknowledged Danzey's success thus far, but cautioned that further supervision was required given his history, the seriousness of the crime, and the sentence he is serving for it. The District Court properly denied Danzey's motion, after full consideration of the parties' submissions in favor of and in opposition to the motion.

The District Court also properly denied Danzey's motion to supplement his motion for termination of supervised release. In the motion to supplement, Danzey merely asserts again that he satisfied the requirements of § 3583(e)(1) and cites three cases with distinguishable facts in which early termination of supervised release was granted.[1]

## IV.

For the foregoing reasons, we conclude that the appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's orders. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

1. In his application for a certificate for appealability, which we have treated as a response regarding summary action, Danzey also claims that the District Court failed to notify him in a timely manner that it denied his motion for termination of supervised release. However, Danzey does not state when he received notice, nor does he explain how any such delay would affect our consideration of the merits of this timely appeal.