OPINION
PER CURIAM.
Keynan Green, a federal prisoner proceeding pro se, filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which the District Court granted on September 25, 2008. On September 19, 2009, Green filed a motion to request that the District Court issue a court order for the government to remove separation restrictions. According to Green, separation restrictions were in place that deprived him and his codefen-dants from being classified to a federal institution that was closer to home. On September 29, 2009, the District Court denied Green’s request. On November 30, 2009, Green filed the instant notice of appeal.
We have jurisdiction under 28 U.S.C. § 1291 to review the District Court’s September 29, 2009 order for abuse of discretion.[1] See United States v. Smith, 445 F.3d 713, 716 (3d Cir.2006). We may summarily affirm if this appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.
*326 In its order denying relief, the District Court noted that “the question of whether, and to what extent, separation restrictions should exist [is] within the province of the Government and the Bureau of Prisons.” We agree. Generally, prisoners do not have inherent liberty interests in particular modes, places, or features of confinement, including housing placements. See Hewitt v. Helms, 459 U.S. 460, 466-68, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), abrogated by Sandin v. Conner, 515 U.S. 472, 483, 115 S.Ct. 2293,132 L.Ed.2d 418 (1995); see also Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (“Congress has given federal prison officials full discretion to control [prisoner classification and corresponding housing assignments], and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process”); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (no due process protections required upon discretionary transfer of state inmates between prisons). Green has not shown how he is otherwise entitled to relief.
Accordingly, as no substantial question is presented by this appeal, we will summarily affirm.

. To the extent that Green intended to appeal from the order issued on September 25, 2008, his notice of appeal is not timely. See Fed. R.App. P. 4(b).