*363 OPINION OF THE COURT
CONNER, District Judge.
Appellant Eric Keller appeals his sentence following his plea of guilty to a ten-count indictment charging him with mail fraud in violation of 18 U.S.C. § 1341. Specifically, Keller appeals a special condition of supervised release banning his use of the internet to create or conduct “business websites” during the three year term of supervised release. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and will affirm.

Background

The parties are familiar with the facts and proceedings in the District Court, so we will only briefly revisit them here. Keller owned and operated an internet retail candy business via several websites. He engaged the commercial shipping services of United Parcel Service (“UPS”) to deliver candy to his internet customers. Using fraudulent information, Keller established a succession of twelve UPS shipping accounts. When one shipping account was suspended for non-payment, Keller abandoned that account and opened another, utilizing aliases and other subterfuge to hide his identity. Ultimately, UPS suffered a loss of approximately $155,650.
On September 4, 2007, Keller pleaded guilty to ten counts of mail fraud in violation of 18 U.S.C. § 1341. On August 1, 2008, the District Court imposed a term of incarceration of 27 months, a three year term of supervised release and full restitution. Pertinent to the instant appeal, the District Court imposed the following special condition of supervised release: “As a further special condition of supervised release, the defendant shall cease and no longer create or conduct any business websites via the internet.” App. 47.[1]

Standard of Review

We review challenges to special conditions of supervised release under an abuse of discretion standard. United States v. Voelker, 489 F.3d 139, 143 n. 1 (3d Cir. 2007); United States v. Smith, 445 F.3d 713, 716 (3d Cir.2006).

Discussion

District courts may impose a variety of special conditions of supervised release provided, however, that such conditions are reasonably related to the statutory factors set forth in 18 U.S.C. § 3553(a).[2] Moreover, district courts must make factual findings that establish some connection between the special condition and the offense of conviction or other characteristics of the defendant. United States v. Miller, 594 F.3d 172, 183-85, 2010 WL 395917 at *9-10 (3d Cir. February 5, 2010); United States v. Heckman, 592 F.3d 400, 404-05 (3d Cir.2010). We will affirm special conditions that have “ ‘any viable basis ... in the record before the District Court ....’” US. v. Voelker, 489 F.3d 139, 144 (3d Cir.2007) (quoting United States v. Warren, 186 F.3d 358, 367 (3d Cir.1999)).
Pursuant to our recent precedential opinion in United States v. Heckman, su *364 pra, we examine special conditions on a defendant’s use of the internet with sensitivity to three factors: “(1) the length and (2) coverage of the imposed ban; and, (3) the defendant’s underlying conduct.” Id. at 405 (emphasis in original). Accord, United States v. Miller, supra.
Applying these standards to the special condition at issue, we have no hesitation in upholding it. First, we note that the District Court carefully considered the underlying fraud in crafting the special condition and made appropriate factual findings to support it:
I make a finding that there is a direct relationship between the defendant’s use of the internet and the crime for which he has pled guilty in this Court.
An imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that absent such restriction, the defendant will continue to engage in unlawful conduct similar to that which the defendant was convicted, and that the time frame and structure of the special condition is for the minimum time frame and the minimum extent necessary to protect the public and that is the length of time of supervised release.
Sentencing Transcript, app. at 47.
With respect to duration, the restriction is limited to three years — the term of supervised release. The restriction is also temperate in scope. It prohibits only the use of the internet to establish or conduct mail order businesses.[3] Finally, it is directly related to the criminal conduct underlying Keller’s conviction, to wit: mail fraud emanating from an internet candy business.
In sum, we conclude that there is a sufficient nexus between the narrow restriction on Keller’s use of the internet and the objectives of supervised release, particularly deterrence and protection of the public. We also conclude that it does not impose a “greater deprivation of liberty than reasonably necessary.” 18 U.S.C. § 3583(d)(2). Accordingly, we will affirm the judgment of the District Court.

. We note a slight discrepancy in the wording of the special condition in the judgment form which states: “As a further special condition of supervised release, the defendant shall cease and no longer create or conduct any businesses/websites via the internet for the period of supervision.” App. 12. Given the District Court's explicit description of the condition at the time of sentencing, we are not troubled by this minor and, presumably, inadvertent difference in wording. See Sentencing Transcript, app. at 34. (The Court: "The occupational restriction ... is his using the internet for mail order business, and that's the basis of this crime.”)

. We are mindful that special conditions cannot involve a "greater deprivation of liberty than reasonably necessary.” 18 U.S.C. § 3583(d)(2).

. In his brief, Keller characterizes the condition as an "extremely overbroad and excessively restrictive occupational restriction” and suggests heightened scrutiny of the condition because "it puls him and his established company out of business.” Brief for Appellant at 11, 15. In light of the underlying fraud perpetrated by Keller while operating his "established company,” this argument is specious. To the extent the restriction excludes Keller from any internet-based mail order business for three years, it is deterring him and it is protecting the public, albeit temporarily, from further acts of fraud.