NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1529
_____

UNITED STATES OF AMERICA

v.

ENRIQUE LANDRON CLASS,
Appellant
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 13-cr-00004-001)
District Judge:   Honorable Sue L. Robinson
_____

Submitted Pursuant to L.A.R. 34.1(a)
October 27, 2014

Before:   McKEE, *Chief Judge*, GREENAWAY, JR. and KRAUSE, *Circuit Judges*

(Opinion Filed: March 25, 2015)
_____

OPINION∗
_____

McKEE, *Chief Judge*.

Enrique Landron-Class appeals the sentence imposed following his guilty plea to

the charge of attempted distribution of cocaine.  After he appealed, his appointed counsel

_____

∗ This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

filed a motion to withdraw and submitted a brief pursuant to *Anders v. California*, 386

U.S. 738 (1967). For the reasons that follow, we will grant counsel's motion to withdraw

and affirm the judgment of conviction.[1]

## I.

Prior to withdrawing from representing an indigent client, counsel must make a

"conscientious examination" of the case. *Anders*, 386 U.S. at 744. The motion to

withdraw must then be submitted together with "a brief referring to anything in the record

that might arguably support the appeal." *Id.*; *see also United States v. Youla*, 241 F.3d

296, 299 (3d Cir. 2001). "Counsel need not raise and reject every possible claim. . . .

[h]owever, at a minimum, [s/he] must meet the 'conscientious examination' standard set

forth in *Anders*." *Youla*, 241 F.3d at 300.

We exercise plenary review in determining whether there are any non-frivolous

issues to appeal. *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012). We must

assess "whether counsel adequately fulfilled [Rule 109.2(a)'s] requirements" and

"whether an independent review of the record presents any nonfrivolous issues." *Youla*,

241 F.3d at 300. If we find that the case is "wholly frivolous" then we "may grant

counsel's request to withdraw and dismiss the appeal insofar as federal requirements are

concerned, or proceed to a decision on the merits, if state law so requires." *Anders,* 386

U.S. at 744. However, if we "find[] any of the legal points arguable on their merits (and

---

[1] This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

therefore not frivolous) [we] must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Id.*; 3d Cir. L.A.R. 109.2(a).

In his *Anders* brief, counsel identifies one potential appellate argument. He maintains that Landron-Class could argue that the district court erred in failing to thoroughly analyze the Section 3553(a) factors. Ultimately, however, counsel believes this claim is meritless. Since counsel satisfied the first requirement of Third Circuit L.A.R. 109.2(a), we must conduct an independent review to determine whether there are any non-frivolous arguments.

Because Landron-Class entered a guilty plea, there are three potential arguments that he could raise on appeal. He could challenge the guilty plea if he did not enter it knowingly and voluntarily. *United States v. Broce*, 488 U.S. 563, 569 (1989). He could also challenge the district court's jurisdiction or the legality of the sentence. *Id.* However, nothing suggests this plea was not knowingly and intelligently offered, the district court clearly had jurisdiction, and the sentence is clearly within the statutory range prescribed for the offense of conviction. Thus each of these arguments would be meritless. We will therefore proceed to an independent examination of the reasonableness of the sentence.[2]

## II.

### A. Procedural Reasonableness

---

[2] We review challenges to the procedural and substantive reasonableness of the district court's sentence under the abuse-of-discretion standard. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

We must first assess the procedural reasonableness of the district court's sentence. The district court could have committed a procedural error by "'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *Tomko*, 562 F.3d at 567 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). As noted, counsel suggests that Landron-Class could argue that the district court erred by failing to thoroughly analyze the Section 3553(a) factors.

Prior to imposing a sentence, the district court was required to: (1) "calculate [the] defendant's Guidelines sentence precisely as [it] would have before *Booker*;" (2) "formally rule on the motions of both parties and state on the record whether [it is] granting a departure and how that departure affects the Guidelines calculation;" and (3) "exercise [its] discretion by considering the relevant § 3553(a) factors." *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (citations omitted) (internal quotation marks omitted). Accordingly, "the record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors . . . the court [, however,] need not discuss every argument made by a litigant if an argument is clearly without merit." *United States v. Smith*, 445 F.3d 713, 716 (3d Cir. 2006) (citations omitted) (internal quotation marks omitted).

Any challenge to the procedural reasonableness of this sentence would clearly be frivolous. The record establishes that the district court engaged in a thorough analysis of

4

the Section 3553(a) factors. The district court acknowledged that it was dealing with a defendant who has "some education" and "an employment history." App 51. The court recognized that this is not Landron-Class's first offense and his recent criminal involvement with "a substantial amount of cocaine" should not be taken lightly. *Id.* Accordingly, the court declined to provide "a variance," especially considering the fact that Landron-Class's co-conspirator received a fifty-seven month term of imprisonment. *Id.* This clearly reflects a reasoned analysis of the Section 3553(a) factors and a procedurally reasonable sentence.

### B. Substantive Reasonableness

As noted, we must also "review the substantive reasonableness of the sentence under an abuse-of-discretion standard." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008). In doing so, we are deferential to the district court and "will affirm it unless no reasonable sentencing court would have imposed the same sentence on [this] particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568. Counsel maintains that Landron-Class could argue that the district court did not fully analyze the Section 3553(a) factors and thus imposed a substantively unreasonable sentence.

Any such argument would be frivolous. The district court considered Landron-Class's education, employment, and criminal history prior to imposing the sentence. App. 51. Ultimately, the court was "not convinced that this unexplainable conduct [committed] after [Landron-Class] already experienced the federal system [led] to a variance." *Id.* We agree. The district court did not abuse its discretion in imposing this

5

sentence. Accordingly, any challenge to the substantive reasonableness of the sentence is wholly frivolous.

## III.

Accordingly, since we find that an appeal would present no issues of arguable merit and that counsel has satisfied his obligations under *Anders*, we grant counsel's motion to withdraw.[3] For the reasons stated above, we will also affirm the judgment of the district court.

---

[3] We also fail to see any issue that would justify a petition for certiorari. *See* 3d Cir. L.A.R. 109.2(c).