NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3028
_____

UNITED STATES OF AMERICA

v.

ANGELO TROVATO,
                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D. C. Criminal No. 3-16-cr-00135-001
District Judge: Honorable James M. Munley
_____

Submitted under Third Circuit LAR 34.1(a)
on January 26, 2017

Before:  CHAGARES, RESTREPO and ROTH, Circuit Judges

(Opinion filed: March 13, 2017)

_____

OPINION[*]
_____

ROTH, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Angelo Trovato appeals an order, modifying the conditions of his supervised release to include periodic polygraph testing. We will affirm.

**I.**

In 2008, Trovato pleaded guilty in the District of Massachusetts to one count of traveling with the intent to engage in illicit sexual conduct with a minor and one count of using the Internet to coerce and entice a minor to engage in sexual activity. His sentence included a five-year term of imprisonment and a fifteen-year term of supervised release. During Trovato's sentencing hearing, the Massachusetts District Court imposed numerous supervised release conditions, requiring him to, *inter alia*, participate in a treatment program for sex offenders, register as a sex offender, and permit the Probation Office to monitor his Internet activity. The Massachusetts Probation Office asked the court to impose a condition that would require Trovato to submit to periodic polygraph testing. Because it was "not certain how honest and accurate the polygraph test is under any set of circumstances," the court declined to impose the additional condition.

Trovato began his term of supervised release in December 2010. In January 2011, jurisdiction over the remainder of his supervised release term was transferred to the Middle District of Pennsylvania. After the transfer of his supervision, Trovato voluntarily submitted to a polygraph examination. Trovato subsequently refused to submit to additional polygraph exams because doing so was not required by his supervised release conditions, and because he feared that his prescription medication would compromise any exam results. Although Trovato had not violated the conditions

2

of his supervised release, the Middle District Probation Office petitioned the District Court for the Middle District of Pennsylvania to require Trovato to submit to periodic polygraph testing pursuant to the Middle District's internal policy.[1]  The District Court held a sentence modification hearing on June 17, 2016.  The Probation Office contended that routine polygraph testing would facilitate their ability to ensure that Trovato remains in compliance with the requirements of supervision and treatment.  After allowing the parties to argue their positions in open court, the District Court granted the Probation Office's petition.  It amended the conditions of Trovato's supervised release by requiring him to submit to periodic polygraph testing.  This appeal followed.

## II.[2]

District courts "possess broad discretionary authority to modify the terms and conditions of a defendant's supervised release."[3]  Accordingly, we review a district court's decision to modify the conditions of an individual's supervised release for abuse of discretion.[4]  However, when a defendant raises no objection to the condition during a modification proceeding, we will instead review for plain error.[5]  While Trovato argues

---

[1] The Middle District Probation Office requires all convicted sex offenders to submit to polygraph testing.

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3605 and 18 U.S.C. § 3583(e), and we have appellate jurisdiction under 28 U.S.C. § 1291.  *United States v. Murray*, 692 F.3d 273, 278 (3d Cir. 2012).

[3] *United States v. Wilson*, 707 F.3d 412, 416 (3d Cir. 2013).

[4] *Id.*; *see also United States v. Smith*, 445 F.3d 713, 716 (3d Cir. 2006) (citations omitted).

[5] *United States v. Maurer*, 639 F.3d 72, 77 (3d Cir. 2011) (citations omitted).  Plain error review requires that we ask whether Trovato has established that there was an error, that the error was plain or "clear and obvious," and that the error affected substantial rights. *United States v. Leahy*, 445 F.3d 634, 655 (3d Cir. 2006).  If we are satisfied that Trovato

that the appropriate standard of review is abuse of discretion, the government submits that the standard of review is plain error because Trovato did not properly object at the modification proceeding. We need not resolve this dispute because the District Court's decision was not an abuse of discretion and thus not plainly erroneous.

### III.

18 U.S.C. § 3583(e)(2) provides that, upon consideration of the factors set forth in § 3553(a), a district court may modify the conditions of an offender's supervised release pursuant to, *inter alia*, the Federal Rules of Criminal Procedure. The applicable procedural rule permits a court to modify an individual's supervised release conditions only after the court has held a hearing "at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation."[6] The federal rules note that sentencing courts must be able to modify supervision conditions in response to changed circumstances "as well as new ideas and methods of rehabilitation."[7]

Trovato primarily argues that, absent a change in circumstances, the District Court lacked authority to modify the conditions of his supervised release. Even assuming, *arguendo*, that a threshold showing of changed circumstances is required, Trovato cannot prevail here because our decision in *United States v. Murray* establishes that the "move to a new jurisdiction constitute[s] a new circumstance."[8] We see no difference between this

---

has met his burden, we may exercise our discretion to reverse "if the error[ ] seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (first alteration in original) (quotation marks omitted).
[6] Fed. R. Crim. P. 32.1(c)(1).
[7] Fed. R. Crim. P. 32.1 advisory committee's note.
[8] 692 F.3d at 279 (internal quotation marks omitted).

case and *Murray*.  Since the imposition of his original supervised release conditions, Trovato moved from the District of Massachusetts to the Middle District of Pennsylvania. Because his move to a new jurisdiction constitutes a change in circumstances, the District Court acted within its broad discretion to modify the conditions of Trovato's supervised release.

Trovato also contends that the District Court procedurally erred because it failed to provide on the record an explanation for imposing the added condition.  "We have consistently required . . . district courts [to] explain and justify conditions of supervised release."[9]  Nevertheless, when the District Court fails to provide such an explanation, "we may affirm the condition[s] if we can ascertain any viable basis for the restriction[s] in the record."[10]

The District Court's decision to add a periodic polygraph testing requirement to the conditions of Trovato's supervised release was proper.  Section 3583(d) permits sentencing courts to impose conditions of supervised release that are reasonably related to the § 3553(a) factors so long as they involve no greater deprivation of liberty than is reasonably necessary.[11]  The § 3553(a) factors direct sentencing courts to consider, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the offender, as well as the need for the sentence to reflect the seriousness of the offense, deter criminal conduct, protect the public from recidivism, and provide the defendant

---

[9] *Id*. at 281 (citation and internal quotation marks omitted).
[10] *Id*. at 281 (citation, internal quotation marks, and ellipsis omitted); *see also United States v. Voelker*, 489 F.3d 139, 144 (3d Cir. 2007) (citation omitted).
[11] 18 U.S.C. § 3583(d).

with necessary training and treatment in the most effective manner.[12]  The government asserts that polygraph examinations allow the probation office to more effectively determine whether there "are any particular instances of conduct that probation needs to know about to help prevent any reoccurring offenses of a similar nature."  We have no reason to doubt the accuracy of this claim and have already recognized that "polygraph result[s] may be used . . . to enhance supervision and treatment of [a] releasee."[13]

Although Trovato has not violated the original conditions of his supervised release, his Pre-sentence Investigation Report establishes that he was previously charged with child-related sex offenses.  In addition, while on pre-trial release for an unrelated sex offense, Trovato was arrested when he attempted to meet an adolescent boy at his Pennsylvania lake house.  These circumstances, in light of the seriousness and nature of the underlying offenses, clearly provide a sufficient basis upon which the court could rely in imposing a periodic polygraph examination requirement.

Finally, we reject Trovato's contention that the newly imposed condition amounts to a greater deprivation of liberty than is reasonably necessary.  The polygraph requirement does not impose a much greater demand on Trovato than he would otherwise face by periodically reporting to the Probation Office to provide truthful answers to his officer's inquiries.[14]

---

[12] *See* 18 U.S.C. § 3553(a).

[13] *United States v. Lee*, 315 F.3d 206, 214 (3d Cir. 2003).

[14] *See id*. ("The additional requirement that [a releasee] be subject to polygraph testing does not substantially increase the burden on him.").

For the reasons set forth above, we conclude that Trovato has failed to demonstrate that the District Court abused its discretion in imposing the polygraph condition.

## IV.

The District Court did not err in ordering this modification of the conditions of Trovato's supervised release. Accordingly, we will affirm the order of the District Court.