BLD-283                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2113
_____

UNITED STATES OF AMERICA

v.

ROBERT R. DAVIES,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-07-cr-00436-1)
Chief District Judge: Joy Flowers Conti

_____

Submitted for Possible Summary Action Pursuant to Third
Circuit LAR 27.4 and I.O.P. 10.6 and/or Issuance of a
Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)
August 9, 2018

Before: RESTREPO, BIBAS and NYGAARD, Circuit Judges

(Opinion filed: August 17, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Robert R. Davies appeals from an order of the District Court denying his motion to terminate or modify the conditions of his supervised release, motion to recuse, motion to strike, and motion for appointment of counsel. For the reasons that follow, we will summarily affirm.

Davies pleaded guilty in the United States District Court for the Western District of Pennsylvania to knowingly traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with another, in violation of 18 U.S.C. § 2423(b) and (e). The District Court sentenced Davies to time served (19 months' imprisonment) and imposed a life term of supervised release. Davies' plea agreement specified that he waived his right to collaterally attack his sentence, but he nevertheless filed a motion to vacate sentence, 28 U.S.C. § 2255, in February 2010. The District Court denied the § 2255 motion, carefully reviewing the circumstances of the plea colloquy and determining that the plea and waiver were knowing and voluntary and thus that enforcement of the waiver would not give rise to a miscarriage of justice. We denied Davies' request for a certificate of appealability on December 3, 2010, concluding that he had not shown that jurists of reason would debate the District Court's determination that his collateral waiver was knowing and voluntary. Since that time Davies has attempted on numerous occasions, unsuccessfully, to invalidate his conviction and sentence.

On January 3, 2018, Davies filed a motion to terminate his supervised release pursuant to 18 U.S.C. § 3583(e)(1). Among other arguments addressing the severity of his offense (or lack thereof, in his view), Davies specifically argued that his term of supervised release should be terminated outright because he has completed sex offender

2

and other mental health treatment, that he is no longer in need of psychiatric medication, and that his Probation Officer is unfairly charging him for the monitoring software installed on his computer. Davies also filed a motion for appointment of counsel. The U.S. Attorney responded to the motions, contending that the motion to terminate supervised release was "prefaced with recycled arguments" from Davies' successive § 2255 motions and that he had not articulated how the interest of justice would be served by early termination of his supervised release. Davies then moved to strike the U.S. Attorney's response as untimely filed and moved to recuse the presiding Chief District Judge pursuant to 28 U.S.C. § 455. In an order entered on May 16, 2018, the District Court denied the motions to terminate or modify the conditions of supervised release and for recusal, and denied as moot the motions for appointment of counsel and to strike.[1]

Davies appeals. We have jurisdiction under 28 U.S.C. § 1291. The parties were advised that the appeal was subject to summary action pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 and that this Court would also consider whether a certificate of appealability is required pursuant to 28 U.S.C. § 2253.[2] Davies has filed a motion for

---

[1] The day after the District Court denied these motions, Davies' Probation Officer filed a Petition for Warrant or Show Cause Hearing, seeking revocation of Davies' supervised release on the basis of multiple violations of the terms and conditions of his supervised release. The District Court appointed counsel for Davies and a hearing was held on June 11, 2018. At that time, Davies was given 90 days to comply with the terms of his supervised release. A new hearing is scheduled for October 2, 2018. The scope of the instant appeal does not extend to this Petition for Warrant or Show Cause Hearing or the District Court's orders pertaining to it.

[2] A certificate of appealability is not required here.

3

summary reversal and summary action response. The U.S. Attorney has filed a summary action response. Davies has replied to that response.

We will summarily affirm the order of the District Court denying the motions to terminate or modify the conditions of supervised release, for appointment of counsel, for recusal, and to strike, because no substantial question is presented by this appeal. Section 3583(e) of title 18 authorizes the sentencing court to terminate a term of supervised release prior to its expiration. See Burkey v. Marberry, 556 F.3d 142, 146 n.3 (3d Cir. 2009) (citing United States v. Lussier, 104 F.3d 32, 34-35 (2d Cir. 1997)). The defendant must have served one year of supervised release and the sentencing court must determine that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Section 3583(e)(1) directs the sentencing court to consider the factors set forth in 18 U.S.C. § 3553(a), which are: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7). See also Fed. R.

4

Crim. P. 32.1 (establishing procedures pursuant to which sentencing court may modify the conditions of defendant's supervised release).

The District Court did not abuse its discretion in declining to terminate Davies' term of lifetime supervision or modify the terms of his supervised release. The decision whether to terminate or modify a term of supervised release is a discretionary one. See United States v. Smith, 445 F.3d 713, 716 (3d Cir. 2006). Generally, early termination of supervised release under § 3583(e)(1) should occur only when the sentencing judge is satisfied that "new or unforeseen circumstances" warrants it. Lussier, 104 F.3d at 36. Davies did not show that any conduct of his, new or unforeseen circumstances, or the interest of justice warrant the early termination of his supervision at this time. Davies' supervision commenced on October 9, 2009. The District Court, after carefully considering the sentencing factors and Davies' submissions, properly concluded that, *at best*, he has merely complied with the terms of supervision. The Court provided a thorough explanation of its decision, and no hearing was required because the relief sought was favorable to Davies, Fed. R. Crim. P. 32.1(c)(2)(B).

The District Court reasoned that the terms and conditions of supervision were imposed on Davies in consideration of the pertinent § 3553(a) factors, including the serious crime that he committed involving two minors, the use of a computer in committing those crimes, and his history of mental health issues and drug and alcohol abuse. Those same concerns continue to the present day, the Court stated, explaining that it still was concerned about the detrimental impact on the minors who were victims of Davies' crime and the chance that he will reach out again and engage in unlawful

5

behavior with minor children; and still concerned about Davies' mental health, his history of drug and alcohol abuse, and his use of a computer in committing his crimes. In his motion for summary reversal, Davies states: "The record shows that there was no criminal conduct to begin with, and thus, no need to protect the public." Appellant's Motion for Summary Reversal, at 5. This statement is surprising given Davies' knowing and voluntary guilty plea, but, in any event, his misguided opinion "that there was no criminal conduct to begin with" amply demonstrates that the District Court's concern that he remains a danger to minor children is not unfounded.

Davies also did not provide the District Court with sufficient information to warrant modification of the terms of his supervised release. The District Court has the discretion to decide that Davies should continue to provide urine samples for drug testing, and continue in mental health and/or sex offender treatment and submit to polygraph testing to determine if he is in compliance with that treatment requirement. The District Court has the discretion to decide that these things are still necessary under the circumstances of Davies' mental health and substance abuse history and the need to protect the public. Davies asserted in a supporting affidavit that he no longer needs psychiatric medication, basing this assertion on a statement made by his treating physician in his medical records on or about April 28, 2015. Affidavit in Support of § 3583(e)(1) Motion, at ¶ 11. The fact that Davies does not now need psychiatric medication, if proved, does not support terminating or modifying his supervised release. The District Court imposed a lifetime term of supervised release not only to monitor Davies' medication needs but also to provide him with ongoing supervision to lessen the

6

chance that he will commit a similar crime in the future. Davies also claimed that he is being unfairly charged for the monitoring software that his Probation Officer installed on his computer. The District Court properly declined to consider this argument because Davies did not submit any information with his motion about his current financial income and assets and alleged inability to pay the $35.00 monthly computer monitoring fee. In his motion for summary reversal, Davies' argues that the District Court should already know that he is unable to pay this fee because he has been granted leave to proceed <u>in forma pauperis</u> in court. Appellant's Motion for Summary Reversal, at 14-15. The argument is not persuasive; the District Court has the discretion to evaluate separately the issue whether Davies is financially able to pay the monthly computer monitoring fee.

In asking the presiding District Judge -- Chief District Judge Joy Flowers Conti -- to recuse, Davies asserted that Judge Conti had displayed antagonism toward him by denying all of his motions and displayed favoritism toward the U.S. Attorney. The statute governing judicial disqualification provides, in pertinent part, that: "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for disqualification pursuant to § 455(a) is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." <u>In re: Kensington International Ltd.</u>, 353 F.3d 211, 220 (3d Cir. 2003) (citing <u>Edelstein v. Wilentz</u>, 812 F.2d 128 (3d Cir. 1987)). A District Judge's "rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994). We agree with Chief District Judge

7

Conti that the arguments raised by Davies are attacks on her judicial rulings; there has been no showing whatever of favoritism toward the U.S. Attorney or antagonism toward Davies. A reasonable person with knowledge of all the facts would not conclude that Chief District Judge Conti's impartiality might reasonably be questioned in this case.

Last, the District Court properly denied Davies' motion to strike the U.S. Attorney's untimely response to his § 3583(e)(1) motion as moot. The Court, in denying the motion to strike as moot, stated that it did not rely on the U.S. Attorney's response in deciding Davies' § 3583(e)(1) motion (and even reminded the U.S. Attorney to henceforth seek an extension of time prior to the expiration of a deadline). Since the District Court did not rely on the U.S. Attorney's response, striking it would have been superfluous. Davies' motion for appointment of counsel was properly denied as moot because he did not show that his § 3583(e)(1) motion had arguable merit in fact or law. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

For the foregoing reasons, we will summarily affirm the order of the District Court denying Davies' motion to terminate or modify the conditions of his supervised release, motion to recuse, motion to strike, and motion for appointment of counsel. Davies' motion for summary reversal is denied as moot.