

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-14-2005

# USA v. Abuhouran

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1393

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Abuhouran" (2005). *2005 Decisions.* Paper 1564.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1564

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-1393
_____


UNITED STATES OF AMERICA

vs.

AKTHAM ABUHOURAN a/k/a HOURAN


Aktham Abuhouran,
Appellant.


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 01-cr-00629-3)
District Judge: The Honorable James McGirr Kelly


_____

ARGUED DECEMBER 13, 2004


BEFORE: NYGAARD, ROSENN, and BECKER, Circuit Judges.


(Filed January 14, 2005)

Jerry S. Goldman, Esq. (Argued)
Jerry S. Goldman & Associates
1500 John F. Kennedy Boulevard
Two Penn Center Plaza, Suite 1411
Philadelphia, PA 19102

    Counsel for Appellant

Robert A. Zauzmer, Esq. (Argued)
Office of the United States Attorney
Suite 1250
615 Chestnut Street
Philadelphia, PA 19106

    Counsel for Appellee

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant Aktham Abuhouran, appeals his sentence following a guilty plea to one count of conspiracy to commit bank fraud, mail fraud and obstruction of justice. Determinative here, however, is an appellate waiver in Abuhouran's plea agreement, upon which the government has moved to dismiss the appeal. We will grant the motion and dismiss the appeal.

Abuhouran was involved in two bank fraud schemes. The first, which is not the subject of this appeal, involved frauds perpetrated on the Bank of the Brandywine Valley

2

(BBV) in 1990 and 1991. Abuhouran was tried, convicted and sentenced for his part in this scheme.

Germane to this appeal, is a counterfeit check scheme that Abuhouran perpetrated while he was released on an electronic monitor between his conviction and sentencing in the BBV case. He, his wife and brother Adam Abuhouran deposited over $2.5 million in counterfeit checks into accounts they controlled in six banks. After making various transfers designed to conceal the fraud, they then asked that the funds be wired to accounts in Jordan. Only one bank actually wired the funds. At the request of Abuhouran's wife, PNC Bank wired $185,000 to an account in Jordan in the name of Tony Abuhouran.

They then cut their electronic monitoring bracelets and attempted to flee the country. Appellant's brother, sister, wife and children were successful and fled to Jordan, but Abuhouran was apprehended at Kennedy Airport.

A week later, Abuhouran was sentenced on his conviction in the BBV scheme. He was later indicted with one count of conspiracy to commit fraud and obstruct justice, in violation of 18 U.S.C. § 371, and three counts of mail fraud, in violation of 18 U.S.C. § 1241.

Abuhouran and the Government entered into a plea agreement in which the Government agreed to dismiss the mail fraud charges and Abuhouran agreed to plead guilty to the conspiracy charge and agreed:

3

>In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

(App. at 9). The agreement provided two instances in which Abuhouran could appeal his sentence, neither applies here.

Under the terms of the agreement, the Government was required to recommend that all but 24 months of the 60-month sentence run concurrent with the BBV sentence. The Government was not required to make this recommendation, however, if Abuhouran failed to meet certain conditions. Specifically, Abuhouran was required to take all steps "within his power" to assure the return of the funds to PNC Bank. Failure to return the funds relieved the Government of its obligation under the agreement.[1]

---

1      The provision stated: "8. The defendant agrees that, as a condition of this plea agreement, he is obligated to take all steps, within his power, to assure that $185,000 which was wired from PNC Bank to an account in the defendant's name at Arab Jordan Investment Bank on August 14, 1997 is returned to the custody of PNC Bank ("PNC") prior to the date of sentencing in this case, including, without limitation, executing any documentation reasonably required to secure such release, communicating with counsel and other third parties of his position, withdrawing any pending litigation or appeal, not filing any new litigation or soliciting or encouraging others to file new litigation, and fully cooperating with counsel for PNC. . . . The defendant agrees to make every effort to assure that Nasim Hattar, Izdehar Abuhouran, and any other person acting on the defendant's behalf or on behalf of Nasim Hattar and Izdehar Abuhouran, including counsel, will likewise take all necessary steps to return the $185,000 to PNC. The defendant agrees that if all of this money is not returned to PNC prior to the date of sentencing, the government may declare a partial breach of this plea agreement, and is relieved of its consent in this agreement to recommend that part of the 60 month sentence

(continued...)

4

The money was never returned. Abuhouran did sign legal documents releasing any claim to the funds and did instruct his attorney in Jordan to end legal action to retrieve the funds.[2] When PNC Bank attempted to claim the money, however, they discovered that the money was no longer in the possession of the courts in Jordan. As a result of a lawsuit against Abuhouran, the Jordan Court had released the money to a third party. The Government contends that this third party was Abuhouran's brother Adam. The District Court found that because Abuhouran had breached the plea agreement, the Government was not required to recommend the sentence provided for by the plea agreement. The District Court found that Abuhouran did nothing to determine whether Adam had the money or to convince Adam to return the funds; thus, he had not taken all steps within his power to secure the return of the money. Thus, the District Court adopted the Government's recommendation and imposed a 60-month sentence, 42 months to run consecutively with the BBV sentence and 18 months concurrently.

If an appellate waiver is entered into knowingly and voluntarily, it is a permissible negotiating tool. Such a waiver is impermissible only when enforcing the waiver would amount to a miscarriage of justice. In *United States v. Khattak*, 273 F.3d 557, 563 (3d.

---

1       (...continued)
provided by this agreement run partially concurrently with the other federal sentence the defendant is serving." (App. at 7-8).

2       In legal proceedings regarding ownership of the funds, Abuhouran and his family claimed the money belonged to them. PNC Bank claimed that the money was rightfully theirs.

5

Cir. 2001), we adopted a series of factors initially set forth by the Court of Appeals for First Circuit in *United States v. Teeter*, 257 F.3d 14 (1st Cir. 2001). The six factors we must consider in determining whether a miscarriage of justice results by enforcing a waiver are: (1) the clarity of the error, (2) the gravity of the error, (3) the character of the error, (4) the impact of the error on the defendant, (5) the impact of correcting the error on the Government and (6) the extent to which the defendant acquiesced in the result. *Khattak*, 273 F.3d at 565 (citing *Teeter*, 257 F.3d 14).

All the *Khattak* factors presuppose error. We find none. First, the District Court held a hearing and made factual findings that support the sentence imposed. Second, Abuhouran still reaped the benefit of his plea bargain—the mail fraud charges were dropped and he was given 18 months concurrent time. Third, the character of any error would be in the District Court's factual findings, in which we find no error. Fourth, even had the court erred, Abuhouran still reaped the benefit of the bargain. Fifth, the impact on the Government is that it would lose the benefit of its bargain—the waiver clause. Finally, as to acquiescence, this issue was anticipated by Abuhouran. When Abuhouran expressed his concern about what would happen if his reasonable actions were not enough, the judge stated, "you are in the horns of the dilemma and if you don't want to take that step, we can go to trial on the matter." (Sentencing Trans. at 16).

Finally, we note that a defendant who signs an appellate waiver may nonetheless appeal if the government breaches its obligations under the plea agreement. *United States*

*v. Moscahlaidis*, 868 F.2d 1357 (3d Cir. 1989). This is not such a case. Here, the District Court concluded, and we agree, that the Government did not breach its obligations under the plea agreement. Because the government fulfilled its obligations under the terms of the plea agreement, and it would not be unjust to enforce the appellate waiver, the Government's motion to enforce the appellate waiver and dismiss the appeal is granted.