**DLD-009**                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2929
_____

UNITED STATES OF AMERICA,

v.

AKTHAM ABUHOURAN,
a/k/a TONY HOURAN,

Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 95-cr-00560-004)
District Judge: Louis H. Pollak

_____

Submitted on a Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 15, 2010

Before:  BARRY, FISHER AND STAPLETON, Circuit Judges

(Opinion filed October 28, 2010)
_____

OPINION
_____

PER CURIAM

        Appellant Aktham Abuhouran (a/k/a Tony Houran) was convicted on

October 29, 1996, on four counts of bank fraud, two counts of conspiracy, and one count

of money laundering, for his participation in a scheme that caused the 1992 failure of the Bank of Brandywine Valley of West Chester, Pennsylvania. On August 20, 1997, Abuhouran was sentenced in the Eastern District of Pennsylvania to a term of imprisonment of 109 months, to be followed by 5 years of supervised release. Abuhouran was ordered to pay restitution in the amount of $1,860,477.44. We affirmed the judgment of conviction and sentence in United States v. Abuhouran, 162 F.3d 230 (3d Cir. 1998).

Additional frauds led to a second prosecution at D.C. Crim. No. 01-00629-03. Abuhouran pleaded guilty to these additional charges. He ultimately was sentenced to an additional, consecutive term of imprisonment of 24 months. The court also imposed a term of supervised release of three years, and ordered payment of restitution of $319,201.29. Abuhouran filed an appeal following this second conviction, which we dismissed on the basis of an appellate waiver in his plea agreement. See United States v. Abuhouran, 119 Fed. Appx. 402 (3d Cir. 2005).

In January, 2000, Abuhouran filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, in which he challenged the money laundering conviction on the ground that the transaction alleged to constitute money laundering was also cited in a separate count as part of the bank fraud scheme. That motion was denied on July 13, 2001. Meanwhile, in August, 2000, Abuhouran filed a motion to dismiss the indictment and/or supplement the section 2255 motion, arguing that the indictment failed to allege an essential element of money laundering, namely, "conducting a transaction." The District Court rejected the claim and denied the motion. Abuhouran appealed both orders at C.A.

2

Nos. 01-3516 & 02-3344, and we denied a certificate of appealability in one and dismissed the other as moot on January 6, 2003.

Abuhouran was released from prison on April 24, 2007 and began serving his term of supervised release. He immediately moved to terminate supervised release and restitution, a request the District Court denied. At issue in the instant appeal, on April 14, 2010, Abuhouran again moved to terminate supervised release and restitution pursuant to 18 U.S.C. § 3583(e). Abuhouran argued that he has been in full compliance with the conditions of his supervised release for 3 years, and his 5-year term violated 18 U.S.C. § 3583(b) which authorizes only a 3-year term for his felony. He noted that he was partially disabled and he referred to emergency neurosurgery he underwent while in the custody of the Bureau of Prison. He alleged that the BOP had given him inadequate care during his incarceration and he complained that he did not receive adequate time in a halfway house. He also complained that supervised release was hurting his chances of being employed.

In the Government's opposition to the request, it noted that, on August 14, 1997, a week before sentencing, Abuhouran cut his monitoring bracelet and attempted to flee the United States. He was captured at Kennedy Airport in New York, as he attempted to board a flight to Jordan. See Abuhouran, 162 F.3d at 234 (appellant's cutting of monitoring bracelet and his "brazen" trip to airport after he had been released on bail to home confinement warranted enhancement for obstruction of justice). The Government also asserted that it did not in fact appear that Abuhouran's supervised release had been uneventful; he was currently being investigated for a theft in August,

3

2009 from a plumbing business in North Bergen, New Jersey, which had terminated his employment upon learning of unauthorized purchases. Moreover, Abuhouran had made no effort to make restitution to any of his victims despite his claim that he was employed. As to Abuhouran's claim that his 5-year term of supervised release was not authorized by statute, the Government explained that Abuhouran had been convicted of a class B felony, bank fraud, 18 U.S.C. § 1344, and the maximum term of supervised release for a class B felony is five years.

Abuhouran filed a reply, to which he attached certain items from his civil action in the United States District Court for the Northern District of New York, Abuhouran v. Marini, et al., D.C. Civ. No. 04-cv-01023, detailing his medical complaints and medical treatment at FCI-Ray Brook.

In an order entered on June 13, 2010, the District Court denied the motion to terminate supervised release and restitution. The court concluded that the statutory factors strongly weighed against early release. Abuhouran had paid little if any restitution to his victims, and his attempt to flee the United States just prior to sentencing warranted continued supervision as a way to protect the public. The District Court would not consider the legal challenge to the length of the term of supervised release, concluding that it could only be raised in a section 2255 motion.

Abuhouran appeals. The Government has filed a motion for summary affirmance, which Abuhouran has opposed in writing. The Government contends that the District Court correctly weighed the statutory factors.

4

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We have jurisdiction under 28 U.S.C. § 1291. The sentencing court's decision whether to grant or deny a motion for early termination of supervised release is reviewed for an abuse of discretion. See United States v. Smith, 445 F.3d 713, 716 (3d Cir. 2006). We will not overturn a discretionary decision unless it was arbitrary, irrational or contrary to law, see, e.g., Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). The sentencing court is in the best position to weigh the statutory factors, cf. Gall v. United States, 552 U.S. 38, 51-52 (2007) (addressing 18 U.S.C. § 3553(a)).

Section 3583(e) of title 18 authorizes the sentencing court to terminate a term of supervised release prior to its expiration. See Burkey v. Marberry, 556 F.3d 142, 146 n.3 (3d Cir.), cert. denied, 130 S. Ct. 458 (U.S. 2009) (citing United States v. Lussier, 104 F.3d 32, 34-35 (2d Cir. 1997)). The defendant must have served one year of supervised release and the sentencing court must determine that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Section 3583(e)(1) directs the sentencing court to consider the factors set forth in 18 U.S.C. § 3553(a).

The District Court considered the following factors in exercising its discretion not to terminate Abuhouran's supervised release prior to the expiration of five years: (1) the nature and circumstances of the offense and Abuhouran's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of Abuhouran, and provide him with needed educational or

vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for Abuhouran's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

We conclude that no substantial question is presented by the District Court's decision not to terminate Abuhouran's supervised release. Abuhouran does not dispute that he has made little if any restitution to the victims of his crimes despite being employed. A continuation of supervised release is appropriate to aid in the payment of restitution. See id. In addition, Abuhouran's history includes attempts to commit further fraud and flee from the United States in order to avoid punishment. Continued supervised release is thus warranted as a way of protecting the public from him. See id. And having reviewed Abuhouran's submissions carefully, we agree with the District Court that the statutory factors are not counterbalanced by his arguments in favor of early termination. Abuhouran has not presented any evidence that he has been unable to secure adequate medical care while on supervised release, and his allegations of negligence on the part of BOP medical staff while he was incarcerated are irrelevant to the section 3553(e) inquiry. Moreover, the District Court did not abuse its discretion in determining that Abuhouran's conduct while on supervised release does not warrant early termination.

6

There has been nothing exceptional about Abuhouran's conduct while on supervised release.

As to the legality of Abuhouran's 5-year term of supervised release, the District Court properly concluded that the argument concerned the validity of Abuhouran's sentence and it was without jurisdiction to entertain an unauthorized second or successive section 2255 motion. 28 U.S.C. § 2255(h) (second or successive section 2255 motion must be authorized to contain newly discovered evidence or new rule of constitutional law made retroactive to cases on collateral review).

Last, in his objection to summary affirmance, Abuhouran alleges that the Government has engaged in 15 years of racial animosity against him on the basis of his Jordanian nationality and Arab ethnicity. The record does not support this allegation and we thus reject it as unpersuasive.

For the foregoing reasons, we will grant the Government's motion and summarily affirm the order of the District Court denying Abuhouran's motion to terminate supervised release and restitution.