**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

──────────────

**No. 06-4088**

──────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSHUA CARDINE, a/k/a Josh,

Defendant - Appellant,

and

SHIRLEY LOVEGROVE; TOM LOVEGROVE,

Parties in Interest.

-----------------------------------

JOAN WATT; BAYVIEW HOLDINGS, LLC,

Movants.

──────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (3:03-cr-00424-RLW)

──────────────

Submitted: July 12, 2006          Decided: July 31, 2006

──────────────

Before NIEMEYER, WILLIAMS, and DUNCAN, Circuit Judges.

──────────────

Affirmed by unpublished per curiam opinion.

———————————

Michael S. Nachmanoff, Acting Federal Public Defender, Charles D. Lewis, Assistant Federal Public Defender, Sapna Mirchandani, Research and Writing Attorney, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joshua Cardine appeals the district court's order modifying his criminal judgment and adding a special condition of supervised release to prohibit him from employment in the equestrian industry. Cardine contends the district court erred by banning him from all equestrian-related employment when his conviction stemmed only from the fraudulent sale of horses. We affirm.

District courts have broad latitude in imposing special conditions of supervised release, and we review a district court's imposition of a special condition for abuse of discretion. United States v. Dotson, 324 F.3d 256, 259-60 (4th Cir. 2003). A condition may be imposed prohibiting a defendant from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct relevant to the offense of conviction. 18 U.S.C. § 3563(b)(5) (2000); 18 U.S.C.A. § 3583(d) (West 2000 & Supp. 2006); U.S. Sentencing Guidelines Manual ("USSG") § 5F1.5(a)(1) (1998). The restriction must be "reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted." USSG § 5F1.5(a)(2). The condition shall be imposed for the minimum time and to the minimum extent necessary to protect the public. USSG § 5F1.5(b).

The district court did not abuse its discretion by imposing the special condition of supervised release prohibiting Cardine from employment in the equestrian industry. Cardine pled guilty to one count of conspiracy to commit fraud and swindle of livestock in interstate commerce in violation of 18 U.S.C. § 371 (2000). Cardine's employment in the equestrian industry allowed him to accomplish his crime and thus bore a reasonably direct relationship to the offense of conviction. The district court considered but rejected Cardine's assertion that a complete ban from the industry was not reasonably necessary to protect the public from conduct similar to that for which he was convicted. We have reviewed the record and conclude the district court did not err or abuse its discretion in this ruling.

Accordingly, we affirm the district court's order modifying Cardine's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED