**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5051**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ALEXIS STARKES,

            Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Jerome B. Friedman, District Judge.  (2:09-cr-00077-JBF-FBS-1)

Submitted:  September 30, 2010      Decided:  November 3, 2010

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven P. Hanna, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Joseph E. DePadilla, Assistant United States Attorney, Daniel F. Izzo, Third Year Law Student, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexis Starkes appeals the district court's order imposing a special condition on her three-year probation prohibiting her from employment in the human resources industry or in any other position involving contact with labor contracts. We affirm.

Starkes served as the human resources manager for the Crowne Plaza Williamsburg (Virginia). In her role, Starkes was familiar with the H2-B visa program for foreign workers and previously had applied for such visas to secure temporary workers for the Crowne Plaza.

In Fall 2007, Starkes became acquainted with Dzmitry Krasautsau, a member of a criminal organization. Krasautsau discussed having Starkes submit fraudulent H2-B visas to help foreign workers enter the United States. For the program to operate effectively, Krasautsau required labor service contracts with hotels that inflated the number of temporary workers the hotels required. To aid in this scheme, Starkes signed two fraudulent labor service agreements with Krasautsau's companies. The first provided that the Crowne Plaza needed 45 temporary workers supplied by Valet Services from April 1, 2008, to January 10, 2009. The second contract stated that the Crowne Plaza needed 40 temporary workers supplied by Janitorial Solutions from November 1, 2008, to September 1, 2009.

2

Because the Crowne Plaza preferred to hire temporary workers through multiple vendors, Starkes aided Krasautsau in creating a fictional company to "bid" against Krasautsau's two real companies. Krasautsau eventually mailed the H2-B visa materials and the labor services contracts to a co-conspirator in Florida.

In exchange for aiding Krasautsau, Starkes received a $200 gift card. She was scheduled to receive between 10-15 cents per man hour for each Krasautsau employee working at the Crowne Plaza, but the scheme was discovered before Starkes profited from this arrangement.

Based on the foregoing, a criminal information was filed against Starkes in the Eastern District of Virginia, charging her with one count of mail fraud, in violation of 18 U.S.C. § 1341 (2006) and 18 U.S.C. § 2 (2006). Starkes waived her right to an indictment, agreed to a statement of facts, and pleaded guilty without benefit of a plea agreement. The district court accepted Starkes's plea and conducted a sentencing hearing.

At sentencing, the district court adopted the Presentence Report, which found that Starkes's offense level was 5 and her criminal history category I, yielding an advisory guidelines range of zero to six months' imprisonment. The district court sentenced Starkes to a term of probation for

three years with the special condition that she was "prohibited from engaging in any aspect of the human resources business or any similar occupation where [she] would have access to labor contracts."* Starkes noted a timely appeal.

We review the imposition of a special condition of probation or supervised release for abuse of discretion. United States v. Dotson, 324 F.3d 256, 259-60 (4th Cir. 2003). Starkes, however, failed to object to the condition at sentencing, so our review is for plain error. In order to satisfy the plain error standard, Starkes must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). The decision to correct the error lies within our discretion, and we exercises that discretion only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 732 (citations, alterations, and internal quotation marks omitted). Starkes bears the burden of satisfying each element of the plain error standard. United States v. Vonn, 535 U.S. 55, 59 (2002).

---

* The Government misinterprets the district court's order as applying only to human resources positions that involve contact with labor contracts. The district court's order, however, makes clear that Starkes is prohibited from any human resources job as well as any other job that permits her access to labor contracts.

4

The relevant sentencing statute provides that a district court may impose as a special condition a requirement that the defendant:

> refrain, in the case of an individual, from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense, or engage in such a specified occupation, business, or profession only to a stated degree or under stated circumstances.

18 U.S.C. § 3563(b)(5) (2006). United States Sentencing Guidelines Manual § 5F1.5 implements this statutory authorization by directing that such a condition is appropriate only if the district court determines:

> (1) a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction; and
>
> (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted.

If these standards are satisfied, the district court is further instructed to impose the condition "for the minimum time and to the minimum extent necessary to protect the public." USSG § 5F1.5(b).

In this case, the district court did not commit plain error by imposing the special condition of probation prohibiting Starkes from employment in the field of human resources or in any other position allowing access to labor contracts. First,

5

there is a reasonable relationship between the occupation and the offense — it was Starkes's role as a human resources manager that enabled her to commit the offense. In addition, courts routinely uphold employment restrictions, including those covering an industry, when the employment and the underlying criminal offense are closely tied. See United States v. Smith, 445 F.3d 713, 717-19 (3d Cir. 2006) (upholding employment restriction barring defendant from working for a law firm or legal entity given lengthy history of preparing fraudulent documents); United States v. Carlson, 406 F.3d 529, 532 (8th Cir. 2005) (affirming restriction on defendant working in the medical field after defendant used his position as a physician's assistant to obtain fraudulent prescriptions on hundreds of occasions); United States v. Choate, 101 F.3d 562 (8th Cir. 1996) (affirming restriction on self-employment for defendant who ran a series of sham businesses and "demonstrated that he is given to excesses of salesmanship that tend to creep up in business after business").

In this case, it was Starkes's position as an HR manager that permitted and indeed facilitated the fraud. The district court thus did not plainly err in limiting Starkes's ability to seek employment in the field of human resources during her probation. See also United States v. Cardine, 192 Fed. App'x 241 (4th Cir. 2006) (unpublished) (approving district

6

court's imposition of condition barring defendant from seeking employment in the equestrian industry when defendant's prior "employment in the equestrian industry allowed him to accomplish his crime"). Although the district court "might well have spelled out in greater detail the findings that are implicit in its imposition of the occupation restriction, its failure to make such findings does not invalidate the restriction" because the condition imposed otherwise satisfies the requirements of § 3563(b)(5). Carlson, 406 F.3d at 632. Cf. United States v. Smith, 332 F.3d 455, 461 (7th Cir. 2003) (the reasonably direct relationship between defendant's occupation as a commercial truck driver and his crime of theft of interstate freight "is so obvious that we will not comment on it further").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7