OPINION OF THE COURT
RENDELL, Circuit Judge.
On March 9, 2007, Brian Mizwa pleaded guilty to one count of Coercion and Enticement of a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b). The District Court sentenced him to a statutory minimum term of 60 months’ imprisonment, followed by a five-year period of supervised release. On appeal, Mizwa challenges a condition of his supervised release that limits his association with minor children, arguing that the condition is unduly onerous and that the District Court did not adequately consider the § 3558 sentencing factors. Because we conclude that the District Court properly imposed the condition, pursuant to 18 U.S.C. § 3583(a), we will affirm the judgment of the District Court.
Mizwa’s guilty plea arose out of his approximately month-long online interaction in September of 2006 with a person he thought was a 14-year-old girl named “Hannah,” but who was actually an undercover FBI agent. Mizwa’s instant messages and e-mails suggested that he and “Hannah” meet in person but keep their relationship a secret. He sent her pictures of underwear and a bikini that he had bought for her to wear when they met, expressed his desire for her to take his clothes off and perform oral sex on him, and for her to wear a baby diaper and sit on his lap. Mizwa set up a rendezvous with “Hannah” at a shopping center; when he went to the spot where he had arranged to meet her, FBI agents arrested him. He admitted to soliciting a minor for sexual activity.
Mizwa was released on bond after his arraignment, on October 24, 2006, and restricted from having contact with minors without authorization from Pretrial Services. On November 29, 2006, local police told the Probation Office that Mizwa was living with a woman who had young children. He was arrested and his bond revoked. After he pleaded guilty, on March 9, 2007, Mizwa was released on bond with the same condition that he not have contact with minors without authorization. On August 24, 2007, Pretrial Services filed another petition to have his bond revoked because of allegations that Mizwa had once again visited the home of the woman with young children. He was not detained.
On October 11, 2007, the District Court sentenced Mizwa to the statutory minimum term of 60 months, followed by a *836 five-year term of supervised release. The court imposed a number of special conditions, one of which is relevant to Mizwa’s appeal. It directs that Mizwa:
shall not associate with children under the age of 18, except in the presence of a responsible adult who is aware of the nature of the defendant’s background and current offense and who has been approved by the probation officer.
(App.5.)
Mizwa’s counsel objected to the condition at sentencing. Therefore, we review the District Court’s imposition of the condition of supervised release for abuse of discretion. See, e.g., United States v. Voelker, 489 F.3d 139, 143 n. 1 (3d Cir.2007); United States v. Smith, 445 F.3d 713, 716 (3d Cir.2006).[1]
A district court has wide discretion in imposing sentences. 18 U.S.C. § 3583 enumerates a number of mandatory and discretionary conditions of supervised release, and provides that “[t]he court may order, as a further condition of supervised release ... any other condition it considers to be appropriate.” 18 U.S.C. § 3583(d). The condition must be reasonably related to the sentencing factors set forth in § 3553(a), the nature and circumstances of the offense and the history and characteristics of the defendant, and must involve no greater deprivation of liberty than is reasonably necessary to afford adequate deterrence, to protect the public from future crimes, and to rehabilitate the defendant. 18 U.S.C. § 3553(a); 18 U.S.C. § 3583(d); see also Voelker, 489 F.3d at 144; United States v. Pruden, 398 F.3d 241, 248-49 (3d Cir.2005).
Mizwa argues that the condition restricting his contact with minors is not reasonably related to the § 3553(a) factors. He contends that his offense was related primarily to his emotional immaturity and difficulties with intimate relationships, not a sexual interest in young girls, and therefore the condition is unduly onerous. We disagree. The special condition is closely related to the nature and circumstances of Mizwa’s offense: he targeted a person he thought was a young teenaged girl and solicited her for sexual activity, and cautioned her to keep their relationship secret because of her age. A condition of supervised release that restricts Mizwa’s contact with minors could hardly be more related to the nature and circumstances of his offense. That Mizwa does not have a history of violent crime does not lessen the seriousness of his offense or his intended victimization of a young girl.
Nor does the condition involve a greater deprivation of liberty than necessary, particularly since Mizwa violated the conditions of his release on bond after his arraignment but before his guilty plea. The association restriction is designed to protect the public, to promote Mizwa’s rehabilitation, and to deter him from future crimes by keeping him away from children and teenagers; his own psychologist concluded that Mizwa continues to show sexual interest in adolescent females.
Mizwa also argues that the District Court did not sufficiently explain why it imposed the association restriction. Again, we disagree. The court noted during sentencing that it was imposing a “lengthy period of supervision with extensive conditions to monitor [Mizwa’s] conduct upon release” and that the sentence would “address the sentencing goals of punishment, rehabilitation and deterrence.” (App.47-48.)
Mizwa also claims that the District Court refused to give his psychologist’s report due weight, but the court referred to the report during sentencing, noting *837 that “[t]he psychologist concluded that defendant is both emotionally and socially immature and relatively inexperienced with regard to adult relationships.” (App.40.)
Our court has addressed similar conditions of supervised release a number of times, and the condition imposed on Mizwa by the District Court is well within the bounds that we have established. In United States v. Voelker, 489 F.3d 139 (3d Cir.2007), we vacated a condition where the defendant was prohibited from associating with minors without prior approval of his probation officer, and any contact that did occur was to be in the presence of an adult familiar with the defendant’s crime. Although the language of the condition in Voelker is similar to that of the condition at issue here, the condition in Voelker was imposed for the defendant’s entire life. Mizwa’s condition applies for only five years. One of our concerns in Voelker was that the district court had not made clear whether it intended the lifetime ban to extend to the defendant’s own children. See 489 F.3d at 144. Voelker had exposed his young daughter’s bare buttocks to a web camera, and we declined to apply the presumption from United States v. Loy, 237 F.3d 251, 270 (3d Cir.2001) (“Loy II ”), that absent a clear sign from the District Court, a condition that restricts a defendant’s contact with minors is construed to apply only to other people’s children, not the defendant’s own. Here, Mizwa does not have children of his own, and we see no reason why the Loy II presumption would not apply to any children he might have in the future. Mizwa’s situation is distinguishable from that in Voelker. Further, we note that Mizwa’s contact with children is not prohibited outright; rather, it is subject to oversight by another responsible adult who knows his history and who has been approved by his probation officer. Mizwa’s liberty interest in associating freely with minors is not unduly burdened by this condition.
We conclude that the District Court did not abuse its discretion when it imposed a condition of supervised release that restricted Mizwa’s association with minors.
For the reasons set forth above, we will AFFIRM the Order of the District Court.

. We have jurisdiction under 28 U.S.C. § 1291.