**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3740
_____

UNITED STATES OF AMERICA

v.

BRIAN MIZWA,

<u>Appellant</u>

_____

On Appeal from United States District Court
for the Western District of Pennsylvania
(No. 2-06-cr-00374-001)
District Judge: Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 13, 2014

Before:  FISHER, VAN ANTWERPEN, and TASHIMA,[*] *Circuit Judges*.

(Filed: August 5, 2014)
_____

OPINION OF THE COURT
_____

TASHIMA, *Circuit Judge*.

Brian Mizwa appeals from the District Court's judgment sentencing him to fifteen

months' imprisonment for violating four conditions of his supervised release.  Mizwa

---

[*] Hon. A. Wallace Tashima, Senior Judge, United States Court of Appeals for the
Ninth Circuit, sitting by designation.

contends that the Government failed to prove the four violations by a preponderance of the evidence. Mizwa further contends that the District Court abused its discretion by sentencing him to fifteen months' incarceration. We reject both arguments and will affirm.

I.

We write principally for the parties, who are familiar with the facts and procedural history of this case. We, therefore, set forth only those facts relevant to our analysis.

This appeal arises out of Mizwa's March 9, 2007, guilty plea under 18 U.S.C. § 2422(b), to Coercion and Enticement of a Minor to Engage in Sexual Activity. Over a period of about a month in September 2006, Mizwa sent instant messages and e-mails to an undercover FBI agent whom Mizwa believed to be a fourteen-year-old girl. Mizwa made various sexual advances in the communications, culminating in a plan to meet her in person. FBI agents arrested Mizwa when he arrived at the planned meeting place.

The District Court continued Mizwa's release on bond after his guilty plea, and restricted Mizwa from having any unauthorized contact with minors. Mizwa violated that restriction on two occasions. On October 11, 2007, the District Court sentenced Mizwa to the statutory maximum of sixty months' imprisonment and five years' supervised release. Additionally, the Court imposed a number of special conditions, including that Mizwa not associate with minors, except in the presence of an approved adult. We

affirmed the imposition of that condition in an earlier appeal. *See United States v. Mizwa*, 345 F. App'x 834, 837 (3d Cir. 2009).

On March 22, 2012, and April 13, 2012, Mizwa's probation officer, Muhammad AbdoolRaman, submitted a Petition and a Supplemental Petition for Warrant or Show Cause Hearing, alleging that Mizwa violated conditions of his supervised release by failing to notify the Probation Office of a change in residence and by failing to register with the Pennsylvania sex offender registration agency. Mizwa admitted those violations and, on December 6, 2012, was sentenced to time served and three years' supervised release. The district court again imposed the same conditions on Mizwa's release, including, in relevant part, that Mizwa:

> [1.] [A]nswer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
>
> . . . .
>
> [2.] [N]ot associate with children under the age of 18, except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the probation officer;
>
> . . . .
>
> [3.] [C]onsent to the probation office conducting periodic unannounced examinations of his computer system, and any other digital media or devices . . . for the purpose of conducting a more thorough inspection[;]
>
> . . . .

3

[4.] [P]rovide the probation office with accurate information about his entire computer system . . . and other digital media or devices . . . .

S. App. 14-15.

On July 25, 2013, Probation Officer AbdoolRaman submitted another Petition for Warrant or Show Cause Hearing. That Petition alleged that Mizwa violated the above-quoted four conditions of his supervised release by (a) obtaining, and failing to disclose that he obtained, a cellular phone with internet access; (b) representing to AbdoolRaman during a home inspection on July 25, 2013, that Mizwa "lost his cell phone or may have left it in his grandmother's vehicle," although AbdoolRaman recovered the phone upon inspection of Mizwa's home; (c) refusing to sign a "property receipt form" for the phone; (d) failing "to provide [the] cell phone for the purpose of conducting a more thorough inspection"; (e) using an unmonitored computer at a friend's house; (f) requesting by text message that an adult friend "send [Mizwa] a picture," although allegedly without knowing that the friend's minor niece picked up the phone and started to reply; and (g) being "in the presence of minors on July 6, 2013." S. App. 16-17.

The District Court held a supervised release violation hearing on August 21, 2013. At the hearing, Mizwa stipulated to the above evidence, and declined to adduce any evidence or argument "relative . . . to the fact or nonexistence of the alleged violation[s]." App. 17. Based on Mizwa's stipulations, the District Court found "by at least a

4

preponderance of the evidence" that Mizwa violated the four conditions of supervised release alleged in the Petition for Warrant or Show Cause Hearing. App. 18-20. The Court then turned to sentencing, accepting testimony from AbdoolRaman about his supervision of Mizwa and the circumstances of the July 25, 2013, home inspection. After direct and cross-examination of AbdoolRaman, and argument, the District Court sentenced Mizwa to fifteen months' imprisonment and seven years' supervised release. The court entered judgment on August 21, 2013, and Mizwa timely appealed.

II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review for plain error unpreserved objections to a District Court's findings supporting a decision to revoke supervised release. *United States v. Dillon*, 725 F.3d 362, 365 (3d Cir. 2013); *United States v. Adams*, 252 F.3d 276, 278-79 (3d Cir. 2001); *see also* Fed. R. Crim. P. 52(b).

We review for abuse of discretion the procedural and substantive reasonableness of a district court's sentence for violations of supervised release. *United States v. Young*, 634 F.3d 233, 237 (3d Cir. 2011).

5

III.

A.

We first consider Mizwa's contention that the Government failed to prove by a preponderance of the evidence that Mizwa violated his supervised release. We review for plain error because Mizwa did not raise this contention before the District Court.[1]

We hold that the District Court did not err – much less plainly err – in finding that Mizwa violated the four conditions of his supervised release. A district court may find that a defendant has violated conditions of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008). The stipulated evidence in this case established that Mizwa possessed a cell phone with internet access, failed to disclose that he possessed the phone, used an unmonitored computer at a friend's house, acted evasively in response to inquiries about the phone during a home inspection, apparently unknowingly texted with a minor, and associated with minors without the required approval. This evidence was more than enough to

---

[1] Indeed, Mizwa's counsel stated explicitly at the sentencing hearing that he did not intend to challenge the District Court's finding that Mizwa violated the terms of his supervised release. Rather, Mizwa intended to argue only that the violations were "de minimis." App. 50.

6

"reasonably satisf[y]" the District Court that Mizwa failed to answer all of

AbdoolRaman's inquiries truthfully, consent to examinations of his electronic devices,

provide the probation office with accurate information about his electronic devices, or

refrain from associating with minors. *United States v. Poellnitz*, 372 F.3d 562, 566 (3d

Cir. 2004) ("[T]o revoke probation it is not necessary that the probationer be adjudged

guilty of a crime, but only that the court be reasonably satisfied that he has violated one of

the conditions." (quoting *United States v. Manuszak*, 532 F.2d 311, 317 (3d Cir. 1976)).

A preponderance of the evidence, therefore, supports the District Court's findings.

None of Mizwa's arguments to the contrary is availing. First, Mizwa attempts to

minimize any noncompliance with AbdoolRaman's inspection by explaining that he did

not block the inspection "once [the phone] was located" and might have been too ill at the

time to comply more fully. Second, Mizwa speculates that he possessed a smartphone

with internet access only because technology advanced significantly during Mizwa's

incarceration and Mizwa might not have understood the phone's capabilities. Third,

Mizwa notes that he admitted during a polygraph examination to owning a smart phone

and to using the internet at his friend's house. And, lastly, he explains that he associated

with minors on July 6, 2013, only with the consent of the minors' mother. These

arguments do not, however, advance Mizwa's contention because none changes the fact

that violations occurred. In other words, Mizwa still possessed a smart phone without

7

approval, used the internet at a friend's house, failed (except on one occasion) to disclose that he used the internet or possessed the phone, acted evasively during AbdoolRaman's home inspection (even if he ultimately "consented" to AbdoolRaman's inspection of the phone "once [the phone] was located"), and associated with minors without AbdoolRaman's approval (even if he had the minors' mother's approval). Even if Mizwa's arguments show that the violations are "de minimis," App. 50, they do not show that the violations did not occur.

Accordingly, we hold that a preponderance of the evidence supports the district court's finding that Mizwa violated the four conditions of his supervised release.

B.

Next, we consider Mizwa's contention that the District Court abused its discretion by sentencing him to fifteen months' incarceration. Specifically, Mizwa contends that the sentence is substantively unreasonable. "Substantive reasonableness inquires into whether the final sentence, wherever it may lie within the permissible statutory range, was premised upon appropriate and judicious consideration of the relevant factors. . . . [W]e will affirm the sentencing court unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Doe*, 617 F.3d 766, 770 (3d Cir. 2010) (internal quotation marks omitted).

We reject Mizwa's argument that the District Court's sentence was substantively unreasonable. Although the Sentencing Guidelines recommend a three- to nine-month sentence, given Mizwa's conduct and criminal history, U.S.S.G. § 7B1.4(a), the District Court was authorized by statute to impose a sentence of up to three years, 18 U.S.C. § 3583(e)(3). Thus, the Court's sentence "[lies] within the permissible statutory range." *Doe*, 617 F.3d at 770.

Furthermore, the sentence "was premised upon appropriate and judicious consideration of the relevant factors." *Id.* First, the District Court noted that Mizwa previously violated his supervised release. *Cf.* U.S.S.G. § 7B1.3 cmt. n.1 (explaining that revocation of supervised release "generally is the appropriate disposition in the case of a Grade C violation by a defendant who" previously violated supervised release). Second, the District Court noted that Mizwa's current violations – associating with minors, obtaining a cell phone, and failing to provide accurate information about his cell phone and internet usage – were "directly related to the underlying offense for which a term of imprisonment and a term of supervised release was initially imposed" – namely, Mizwa's online coercion and enticement of a minor to engage in sexual activity. *Cf.* U.S.S.G. § 7B1.4 cmt. n.3 (explaining that an upward departure from the recommended sentencing range "may be warranted" "[i]n the case of a Grade C violation that is associated with a high risk of new felonious conduct"). Indeed, the District Court found it "particularly

9

concerning" that Mizwa obtained and used a phone, within seven months of his previous revocation hearing, to "engage in the very types of [electronic] communications that were at the core of [his] underlying offense." Lastly, the District Court noted that Mizwa generally concealed his use and possession of the phone, even though Mizwa admitted to possessing the phone (again, on one occasion) in the polygraph examination. Mizwa's "evasiveness" further undercut the Court's ability to "trust Mr. Mizwa to abide by the terms of his supervised release."

These considerations justify the District Court's imposition of a fifteen-month sentence. The District Court did not err in concluding that Mizwa's conduct constitutes a "fundamental breach of trust." *Cf. United States v. Bungar*, 478 F.3d 540, 544 (3d Cir. 2007) ("Sentence is imposed for violations of supervised release primarily to sanction the defendant's breach of trust . . . ."); *United States v. Blackston*, 940 F.2d 877, 894 (3d Cir. 1991) (holding that violations "occurring immediately on the heels of [a defendant's] release from prison and relating directly to the conduct for which he originally was convicted[] surely bespeak a breach of trust"). The District Court's reasons for a fifteen-month sentence are "logical and consistent with the factors set forth in [18 U.S.C. § 3553(a)]." *Bungar*, 478 F.3d at 543 (quoting *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006). And, although Mizwa cites allegedly mitigating factors – such as the fact that Mizwa's adult friend consented to Mizwa's contact with her minor children – the

District Court's consideration of those factors and its "failure to give [those] mitigating factors the weight [that Mizwa] contends they deserve" does not undermine the reasonableness of its sentence.[2] *Bungar*, 478 F.3d at 546. We cannot say that "'no reasonable sentencing court would have imposed the same sentence . . . for the reasons the district court provided.'" *Doe*, 617 F.3d at 770 (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009)). We, therefore, reject Mizwa's challenge.

IV.

For the reasons set forth above, we will affirm the judgment of the District Court revoking Mizwa's supervised release and sentencing him to fifteen months' imprisonment.

---

[2] Indeed, the District Court rightly noted that Mizwa's failure to obtain approval to associate with the minor children, despite Mizwa's friend's consent, "deprived the probation office and [the] Court . . . of the ability to engage in" their supervisory roles. The key is not that Mizwa obtained his friend's consent; it is that Mizwa failed to obtain the probation office's consent, taking the responsibility for his supervision upon himself and his friend, without the authority to do so.